**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No.92-4002
Summary Calendar
_____


NATHAN JOSEPH CORMIER, JR.
and FELICIA MARIE LEJEUNE CORMIER,

Plaintiffs-Appellants,

VERSUS

PENNZOIL EXPLORATION & PRODUCTION COMPANY, ET AL.,

Defendants,

CLEMCO INDUSTRIES CORP.,

Defendant-Appellee.


_____

Appeals from the United States District Court
for the Western District of Louisiana
_____
(July 8, 1992)

Before JOLLY, DAVIS and SMITH, Circuit Judges.

PER CURIAM:

Nathan Cormier appeals the district court's dismissal of his action on summary judgment against defendant Clemco Industries, Inc.  We affirm.

**I.**

Nathan Cormier and his wife Felicia LeJeune Cormier filed a complaint in district court alleging that Mr. Cormier injured his leg on April 16, 1990, while he was sandblasting aboard a platform located beyond the seaward boundaries of Louisiana in the Gulf of Mexico. Cormier alleged that his injuries occurred when a deadman control on a sandblasting hose malfunctioned in close proximity to his body. Cormier named Clemco Industries, Inc. (Clemco) as a defendant in the complaint, contending that Clemco manufactured the deadman control at issue.

On October 2, 1991, Clemco filed a motion for summary judgment, arguing that it did not manufacture the device that injured Cormier. Cormier opposed the motion and requested additional time to reply. The district court denied the motion for additional time on October 16, 1991. On December 2, 1991, the district court granted summary judgment. The court entered final judgment pursuant to Fed. R. Civ. P. 54(b). Only Nathan Cormier filed a notice of appeal. The appellant's brief purports to be on behalf of Nathan and his wife.

**II.**

**A.**

Cormier argues that the district court erred in granting summary judgment because a factual dispute exists concerning the manufacturer of the deadman control at issue. This Court reviews the grant of summary judgment motion **de novo**, using the same criteria used by the district court in the first instance. **Johnson**

**v. Odom**, 910 F.2d 1273, 1277 (5th Cir. 1990).  The Court reviews the evidence and inferences to be drawn therefrom in the light most favorable to the non-moving party. **Id.**

Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate if the "'pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"  **Celotex Corp. v. Catrett**, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)(quoting Rule 56(c)).  If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial.  **Id.**  A factual dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. **Beck v. Somerset Technologies, Inc.**, 882 F.2d 993, 996 (5th Cir. 1989)(citing **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

In response to a subpoena duces tecum, Cormier's employer, Tim Meaux, the president of Meaux Services, Inc. (MSI), produced a deadman control which was manufactured by Pauli & Griffin Company. Cormier testified at his deposition that the deadman control produced by his employer did not look like the one that was involved in his accident.  Cormier further testified that he did not know who manufactured the offending deadman control.  R. 1, 153.  Dave Hansel, the vice president of Clemco, stated in an affidavit that: "Based upon Mr. Cormier's description of the

'deadman handle' and the photographs, the control handle involved in Mr. Cormier's accident was not manufactured or supplied by Clemco Industries."

Cormier produced two affidavits, one executed by his attorney and the other executed by Mary Jeanette Rush, who was acting at counsel's instruction, both of which indicated that the affiants were told by someone named "Brenda" at MSI that the deadman control involved in the accident was manufactured by Clemco. When affidavits are used to support or oppose a summary judgment motion, they "`shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated therein.'" **Akin v. Q-L Investments, Inc**., 959 F.2d 521, 530 (5th Cir. 1992) (quoting Rule 56(e)). Neither of the affidavits offered by Cormier is based on personal knowledge; both rely on hearsay statements. Neither the district court nor this Court may properly consider hearsay evidence in affidavits and depositions. **Martin v. John W. Stone Oil Distributor, Inc.**, 819 F.2d 547, 549 (5th Cir. 1987).

Based upon the summary judgment evidence that was not objectionable, the district court properly concluded that no genuine issue of material fact was presented.

**B.**

Cormier also contends that the district court abused its discretion in denying his motion to stay the appellees' motion for summary judgment pursuant to Fed. R. Civ. P. 56(f). To obtain a

4

Rule 56(f) continuance, the nonmovant must present specific facts explaining how postponement of a ruling on the motion will enable him to rebut the movant's showing of the absence of a genuine issue of fact. **See Washington v. Allstate Ins. Co.**, 901 F.2d 1281, 1285 (5th Cir. 1990). A plaintiff's entitlement to discovery prior to a ruling on a summary judgment motion may be cut off when, within the trial court's discretion, the record indicates that further discovery will not likely produce facts necessary to defeat the motion. **Fisher v. Metropolitan Life Ins. Co.**, 895 F.2d 1073, 1078 (5th Cir. 1990). The grant or denial of a continuance pursuant to Rule 56(f) is to be disturbed on appeal only if the district court's decision reflects an abuse of discretion. **Paul Kadair, Inc. v. Sony Corp. of America**, 694 F.2d 1017, 1029-30 (5th Cir. 1983).

Cormier's motion for continuance offered only a vague discovery plan "suggesting to the Court that the depositions of employees of Meaux Services, Inc. and possibly others should be taken regarding who was in fact the manufacturer of the subject equipment." The memorandum in support of the motion indicated only that discovery was still proceeding and that he was unable to locate the offending deadman control. In addition, one month elapsed between the time the court denied Cormier's motion for continuance and the scheduled hearing on Clemco's summary judgment motion. Cormier took no discovery during that time. Nor did Cormier or his attorney appear at the hearing on the motion for summary judgment to oppose the motion or advance any plans they had

to discover the manufacturer of the allegedly defective part. Based on this information, the district court was entitled to conclude that the appellant was not likely to discover additional helpful information and did not abuse its discretion in denying appellant's motion for continuance.

AFFIRMED.