Linda CRAWFORD, In the Interest of
Mia and Mignon CRAWFORD

v.

EXXON CORPORATION and Benefit
Plan of Exxon Corporation and
Participating Affiliates.

Civ. A. No. 93–222–B.

United States District Court,
M.D. Louisiana.

Feb. 1, 1994.

Edselle K. Cunningham, Baton Rouge, LA,
for plaintiff.

E. Burt Harris, Patricia E. Weeks, Elliott
G. Courtright, Exxon Company, USA, New
Orleans, LA, for defendant.

## RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

POLOZOLA, District Judge.

This matter is before the Court on the defendants' motion for summary judgment. For the reasons which follow, the motion for summary judgment is granted.

### FACTS

Johnny Johnson was employed by Exxon Chemical Americas, a division of Exxon Corporation, prior to his death which occurred on March 5, 1990. While employed at Exxon, Johnson participated in four different programs of the Benefit Plan of Exxon Corporation and Participating Affiliates ("the Plan"): the Family Adjustment Insurance Plan, the Contributory Group Life Insurance Plan, the Thrift Fund Account and the Family Income Insurance Plan. Under the terms of the Plan, a participant is allowed to name a beneficiary for each of these programs. If a beneficiary is not designated, the terms of the Plan provide "default" beneficiaries to whom the proceeds are paid upon the participant's death.

Linda Crawford filed this action in state court against Exxon Corporation and the Benefit Plan of Exxon Corporation and Participating Affiliates as tutrix and on behalf of her minor children Mia and Mignon Crawford. Plaintiffs seek to recover any proceeds payable to the children under the Plan's provisions. This action was timely removed to this Court by the defendants pursuant to 28 U.S.C. § 1441. Because the plaintiffs, complaint raises a federal question under the Employment Retirement Income Security Act (ERISA), 29 U.S.C. § 1001–1461 (1988 & Supp.1993), the Court has original jurisdiction over the case pursuant to 28 U.S.C. § 1331.[1]

---

1.  28 U.S.C. § 1441(a) provides in part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

The plaintiffs concede that Johnson designated his sister, Sadie L. Dalcourt, as the beneficiary under both the Family Adjustment Insurance Plan and the Contributory Group Life Insurance Plan. Thus, there is no dispute on the benefits to be paid under these programs. Because Johnson made no designation in either the Thrift Fund Account or the Family Income Insurance Plan, the plaintiffs contend that under the "default" provisions,[2] they are entitled to any proceeds payable from these two programs as Johnson's children.[3] The defendants argue that no benefits are payable to the plaintiffs under the plain terms of the programs in question because the plaintiffs do not qualify as the children of Johnson. Exxon Corporation further contends that it is not liable to the plaintiffs because ERISA does not permit suits to recover benefits against the participant's employer.

## ANALYSIS

The plaintiffs do not dispute that, as the term "child" is defined under the Thrift Fund Account and the Family Income Insurance Plan, they do not qualify as Johnson's children.[4] Rather, the plaintiffs contend that the definition of "child" under these two programs amounts to a denial of due process, a

denial of property rights and a denial of equal protection under the United States Constitution because that definition discriminates against children born outside of marriage without a substantial relationship between the classification being imposed and whatever interests the defendants are trying to protect. This argument is without merit.

It is not necessary to conduct a thorough analysis of the plaintiffs' claims of denial of due process, property rights and equal protection under the United States Constitution because, there is no state action involved in this case.[5] Private action is not subject to the restrictions of the Fourteenth Amendment.[6]

Because the plaintiffs have failed to allege that a state or someone acting under color of state authority participated in the alleged violation of the Fourteenth Amendment,[7] they have failed to satisfy the prerequisites of a Fourteenth Amendment claim.

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[8] If the moving party

---

2. Under the Thrift Fund Account and the Family Income Insurance Plan, in the absence of a designated beneficiary, benefits are payable to the participant's spouse. In the absence of a spouse, to the participant's children. In the absence of children, to the participant's parents. The Thrift Fund Account further provides that in the absence of parents, the benefits are payable to the participant's siblings. Whether designated by the participant or through the default provisions, proceeds payable under the Plan are paid to the beneficiary or beneficiaries in preference to all others.

3. It is undisputed that Johnson was not married at the time of his death. Therefore, pursuant to the terms of the Thrift Fund Account and the Family Income Insurance Plan, the benefits then become payable to the participant's children. In the absence of children, *as defined by the Plan,* the benefits become payable to Johnson's mother as the sole beneficiary of the default category "parents."

4. Under the Declaration of Trust that controls the Thrift Fund Account, a "child" is defined as "one's son or daughter by legitimate blood relationship or legal adoption." The Family Income

Insurance Plan does not separately define "child," but as defined by the Plan, a "child" means a legitimate blood child, step-child or an adopted child. The Plan goes on to define a "step-child" as a legitimate child of the participant.

5. *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 349, 95 S.Ct. 449, 453, 42 L.Ed.2d 477 (1974); *Moose Lodge No. 107 v. Irvis,* 407 U.S. 163, 172, 92 S.Ct. 1965, 1971, 32 L.Ed.2d 627 (1972).

6. *Jackson,* 419 U.S. at 350, 95 S.Ct. at 453; see also *Barnes v. Maytag Corp.,* 799 F.Supp. 926, 929–31 (S.D.Ill.1992) (the Court held that state action is not triggered by the fact that a retirement plan is subject to extensive and detailed regulation under ERISA).

7. *District of Columbia v. Carter,* 409 U.S. 418, 423, 93 S.Ct. 602, 605, 34 L.Ed.2d 613, *reh'g denied,* 410 U.S. 959, 93 S.Ct. 1411, 35 L.Ed.2d 694 (1973).

8. Fed.R.Civ.P. 56(c); *Celotex v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986);

meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial.[9] In opposing the granting of summary judgment, the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings, but by its own affidavits, depositions, answers to interrogatories, or admissions the non-moving party must set forth specific facts showing that there is a genuine issue for trial.[10] When all the evidence presented by both parties could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.[11]

Where the non-moving party bears the burden of proof at trial, the moving party may discharge its burden by showing or pointing out to the court that there is an absence of evidence to support the non-moving party's case.[12] The moving party is not required to produce evidence to negate the non-moving party's claims.[13] The non-moving party must then come forward with evidence which establishes each element for which that party bears the burden of proof at trial. Otherwise, no genuine issue as to any material fact exists, since a complete failure of proof concerning one element of the non-moving party's case necessarily renders all other facts immaterial, and the moving party is entitled to summary judgment.[14]

The plaintiffs do not dispute the factual basis of the defendants' motion for summary judgment.[15] Thus, the Court's only inquiry is whether summary judgment should issue as a matter of law. Summary judgment in favor of the defendants is proper as a matter of law because the plaintiffs have failed to satisfy the requirements of a Fourteenth Amendment claim.

Summary judgment should also be granted in favor of Exxon Corporation because ERISA only provides for suits against the Plan as an entity to recover benefits and against the fiduciary of the Plan for breach of fiduciary duties.[16] Since Exxon Corporation is neither the Plan itself nor a fiduciary, the claim against it is improper as a matter of law.

Therefore:

**IT IS ORDERED** that the defendants' motion for summary judgment be and it is hereby GRANTED. Plaintiff's suit is hereby dismissed with prejudice. Judgment shall be entered accordingly.

*Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Cormier v. Pennzoil,* 969 F.2d 1559 (5th Cir.1992), *Fontenot v. Upjohn Co.,* 780 F.2d 1190 (5th Cir.1986).

9. *Cormier,* 969 F.2d at 1560.

10. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553; *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Reese v. Anderson,* 926 F.2d 494, 498 (5th Cir.1991); *Lavespere v. Niagra Machine & Tool Works, Inc.,* 910 F.2d 167, 178 (5th Cir.1990).

11. *Matsushita,* 475 U.S. at 586, 106 S.Ct. at 1356; *Cormier,* 969 F.2d at 1560.

12. *Celotex,* 477 U.S. at 325, 106 S.Ct. at 2554; *Lavespere,* 910 F.2d at 178; *Ocean Energy II, Inc. v. Alexander & Alexander, Inc.,* 868 F.2d 740, 747 (5th Cir.1989); *Slaughter v. Allstate Ins. Co.,* 803 F.2d 857, 860 (5th Cir.1986).

13. *Latimer v. Smithkline & French Laboratories, Div. of Smithkline Beckman Corp.,* 919 F.2d 301, 303 (5th Cir.1990); *Lavespere,* 910 F.2d at 178; *Teply v. Mobil Oil Corp.,* 859 F.2d 375, 379 (5th Cir.1988).

14. *Celotex,* 477 U.S. at 323–24, 106 S.Ct. at 2552; *Dunn v. State Farm Fire & Cas. Co.,* 927 F.2d 869, 872 (5th Cir.1991).

15. The plaintiffs, in their memorandum in opposition to the defendants' motion for summary judgment, do not produce any evidence of the existence of a genuine issue of *material* fact. A judgment of paternity, the defendants' actual and constructive knowledge of the existence of the plaintiffs as Johnson's minor children, the fact that child support payments were regularly deducted from Johnson's wages and the fact that Linda Crawford communicated with various employees of the defendants are not material facts.

16. *Gelardi v. Pertec Computer Corp.,* 761 F.2d 1323, 1324–25 (9th Cir.1985).