Donna **KEENAN**

v.

**STATE OF LOUISIANA, Through the BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AGRICULTURAL AND MECHANICAL COLLEGE.**

No. CIV.A. 96–3315–B–M2.

United States District Court, M.D. Louisiana.

Dec. 12, 1997.

Lori Ann Dupre, Law Office of Pamela Van Buren, Baton Rouge, LA, Pamela Harris Van Buren, Baton Rouge, LA, for Plaintiff.

Vicki M. Crochet, Mary Lenore Feeney, Taylor, Porter, Brooks & Phillips, Baton Rouge, LA, Leo P. Higginbotham, Louisiana

Dept. of Justice Litigation Div., Baton Rouge, LA, for Defendant.

## RULING

PÓLOZOLA, District Judge.

This employment discrimination matter is before the Court on defendant's motion for summary judgment. For reasons which follow, defendant's motion for summary judgment is granted.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff was employed by Louisiana State University ("LSU") in its Admissions Office from October, 1986 to May 31, 1993. During that period she worked as an unclassified, at-will admissions counselor and reported to Michele Forbes, Assistant Director of Admissions, who was the plaintiff's immediate supervisor. Plaintiff was indirectly supervised by Wallace Keese, Associate Director of Admissions, and Lisa Harris, Director of Admissions. In July, 1991, the position of Admissions Counselor IV became open. Plaintiff did not apply for this position. Plaintiff contends she did not apply for the position because she was lead to believe the position required frequent travel. Mark Normand, who was also employed as an admissions counselor, applied for and was hired for the Admissions Counselor IV position. The facts reveal that Normand did not travel frequently as an Admissions Counselor IV. Defendant contends that the anticipated travel required for this position was curtailed due to unforeseen budget cuts.

During plaintiff's course of employment at LSU she received mixed performance reviews from her supervisors. In January, 1992, plaintiff failed to properly update the transfer table with respect to certain math courses which caused significant problems for students transferring to LSU from Southern University. In late January, 1992, Harris notified plaintiff that her employment would be terminated effective in ninety days. At that time, Harris advised plaintiff that the reason for termination was her overall poor job performance, including the transfer table error. Because there was an unexpected hiring freeze, LSU allowed plaintiff to continue her employment, with the condition that she improve her work skills. On June 18, 1992, Keenan was placed under official review after her job performance was evaluated. On April 15, 1993, a dispute arose between Keenan and Forbes over plaintiff's travel schedule. Thereafter, Keenan met with Equal Opportunity Compliance Officer Paul Pitts on April 26, 1993, and complained that Harris misrepresented the Admissions Counselor IV position to her, and she also was harassed while on maternity leave. On April 30, 1993, plaintiff received notice that she would be terminated effective May 31, 1993. Keenan was given the opportunity to resign before the effective date of the termination, and she did so on May 27, 1993.

The plaintiff filed this lawsuit on July 29, 1996. Keenan claims Harris discriminated against her based on her gender by intentionally misrepresenting the job description of the Admissions Counselor IV position in July of 1991. Plaintiff further claims that LSU unlawfully terminated her employment in retaliation for her complaint to the Equal Opportunity Compliance Officer. The defendant denies both of plaintiff's allegations and has filed a motion for summary judgment which is now pending before the Court.

## II. SUMMARY JUDGMENT ANALYSIS

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." [1]

The well-established criteria that there must be no *genuine* issue of *material* fact before summary judgment will issue insures that a properly supported motion will not be defeated simply by the "existence of *some*

---

1. FED. R. CIV P. 56(c). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1560 (5th Cir.1992).

alleged factual dispute."[2] With respect to "materiality," because the underlying substantive law is referenced to determine what facts are material,[3] only factual disputes that might affect the action's outcome under governing law can properly preclude summary judgment; disputes over facts which have no effect on the action's resolution are irrelevant.[4] In addition, even if material, a factual dispute will not prevent summary judgment if the dispute is not "genuine." Such a conclusion is reached when the evidence could not lead a rational trier of fact to return a verdict for the non-moving party.[5] In examining the record, the Court will view the evidence and draw all reasonable inferences therefrom in favor of the non-moving party.[6]

As always, the moving party bears the initial burden of establishing that there is no genuine issue of material fact.[7] In this situation, where the moving party does not bear the burden of proof on the issue at trial, the movant may discharge its burden by simply informing the Court of the basis for its motion and either producing evidence that negates the existence of a material element in the non-moving party's claim or defense *or* identifying to the Court those portions of the record which demonstrate the lack of proof supporting a crucial element of the non-movant's case.[8]

Once the moving party makes the proper showing, the burden shifts to the non-moving party to designate "specific facts" in the record, by way of non-conclusory affidavits, depositions, answers to interrogatories or admissions on file, which evidence that there is a genuine issue for trial.[9] Because it bears the ultimate burden of proof at trial, the non-moving party is required to establish each element crucial to its action "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."[10] The non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings and "must do more than simply show there is some metaphysical doubt as to the material facts."[11] When all the evidence presented by both parties "could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial'" and summary judgment is proper.[12]

After reviewing the entire record, the Court finds that the plaintiff has failed to create a material issue of fact in dispute and defendant is entitled to summary judgment as a matter of fact and law. The Court now turns to a discussion of plaintiff's claims.

## A. Plaintiff's Gender Discrimination Claim

Plaintiff claims that she was discriminated against because she was a female employee. Specifically, plaintiff claims that she was wrongfully discouraged from applying for a promotion to Admissions Counselor IV because of her gender. The standard the Court must apply to resolve a Title VII

**2.** *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

**3.** *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

**4.** *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

**5.** *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. See also *Kelley v. Price–Macemon, Inc.*, 992 F.2d 1408, 1413 (5th Cir.1993) ("If, on the other hand, the factfinder [sic] could reasonably find in [favor of the non-moving party], then summary judgment is improper.").

**6.** *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513; *Newport Ltd. v. Sears, Roebuck & Co.*, 6 F.3d 1058, 1064 (5th Cir.1993).

**7.** *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

**8.** *Celotex*, 477 U.S. at 323–24, 106 S.Ct. at 2553; *Latimer v. Smithkline & French Labs., Div. of Smithkline Beckman Corp.*, 919 F.2d 301, 303 (5th Cir.1990); *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990).

**9.** *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553; *Kelley v. Price–Macemon, Inc.*, 992 F.2d at 1413.

**10.** *Celotex*, 477 U.S. at 322–23, 106 S.Ct. at 2552.

**11.** *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

**12.** *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356.

gender-discrimination claim has be set out by the United State Supreme Court in a series of decisions.[13] Defendant argues it is entitled to summary judgment because plaintiff has failed to make out a prima facie case under Title VII that gender played a part in LSU's decision not to promote Keenan. "To defeat [defendant's] Motion for Summary Judgment, [plaintiff] has to make a showing sufficient to establish the putative existence of every element that is essential to [her] case."[14] Plaintiff may not rest on her pleadings to defeat a motion for summary judgment, but must produce summary judgment type evidence. "Otherwise, 'there can be no genuine issue as to any material fact, [because] a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.' "[15]

■■■ The Fifth Circuit has stated that "Title VII of the 1964 Civil Rights Act makes it unlawful for an employer 'to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.' '[16] "Under Title VII, it is unlawful for any employer 'to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to... compensation, terms, conditions, or privileges of employment, because of such individual's...sex.' "[17] In other words, "gender must be irrelevant to employment decisions."[18] In a Title VII case, "[t]he critical inquiry... is whether gender was a factor in the employment decision *at the moment it was made*."[19] Title VII "condemn[s] even those decisions based on a mixture of legitimate and illegitimate considerations."[20] Thus, the plaintiff must "prove that the employer relied upon sex-based considerations [as one of its reasons] in coming to its decision ."[21] If an employer did take gender into account in making its hiring decisions, the employer can avoid liability under Title VII "if it can prove that, even if it had not taken gender into account, it would have come to the same decision regarding a particular person."[22] The "employer must make this showing by preponderance of the evidence."[23] If "the employer meets its burden, the prima facie case is dissolved, and the burden shifts back to the plaintiff to establish that the reason proffered by the employer is merely a pretext for discrimination."[24] In order for the plaintiff to "demonstrate a 'pretext for discrimination,' the plaintiff must show both that the employer's proffered reason was false and that ... discrimination was the real reason."[25] "There are two methods of establishing a prima facie case of disparate treatment under Title VII: direct and indi-

---

**13.** *See St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993); *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

**14.** *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1084–85 (5th Cir.1994).

**15.** *Davis*, 14 F.3d at 1085 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)).

**16.** *Garcia v. Woman's Hospital of Texas*, 97 F.3d 810, 812 (5th Cir.1996) (quoting 42 U.S.C. § 2000e–2(a)(1)).

**17.** *Portis v. First Nat'l Bank of New Albany*, 34 F.3d 325, 328 (5th Cir.1994).

**18.** *Price Waterhouse v. Hopkins*, 490 U.S. 228, 240, 109 S.Ct. 1775, 1785, 104 L.Ed.2d 268 (1989).

**19.** *Price Waterhouse*, 490 U.S. at 241, 109 S.Ct. at 1785.

**20.** *Price Waterhouse*, 490 U.S. at 241, 109 S.Ct. at 1785.

**21.** *Price Waterhouse*, 490 U.S. at 242, 109 S.Ct. at 1786.

**22.** *Price Waterhouse*, 490 U.S. at 242, 109 S.Ct. at 1786.

**23.** *Price Waterhouse*, 490 U.S. at 253, 109 S.Ct. at 1792.

**24.** *Patton v. United Parcel Service, Inc.*, 910 F.Supp. 1250, 1263 (S.D.Tex.1995) (citations omitted).

**25.** *Patton*, 910 F.Supp. at 1263 (citations omitted).

rect (or inferential)." [26] Plaintiff's case is based on indirect/inferential evidence.

### 1. Plaintiff's Burden of Proving Prima Facie Case

■ In order to establish a prima facie case for a disparate treatment/failure to promote claim under Title VII, the plaintiff must establish:

> (1) [she] is a member of a protected class;
> (2) she applied for a promotion to an available position for which she was qualified;
> (3) she did not receive the promotion; and
> (4) the employer filled the position with an employee from outside the protected class or continued to seek applicants for the position.[27]

Plaintiff has proven that she is a member of a protected class, did not receive the promotion, and the employer filled the position with an employee from outside the protected class. As noted earlier, plaintiff has, however, failed to prove that she was qualified for the Admissions Counselor IV position. Plaintiff bears the burden of proving that she was qualified, but plaintiff has offered no evidence to support her claim other than her own subjective belief. Such evidence is not enough to defeat a motion for summary judgment. LSU has produced evidence that plaintiff's job performance was not satisfactory. This evidence included evaluations which regularly describe her performance as "lower competent" and "under official review." [28] Defendant also produced affidavits of her female supervisors which state that Keenan "had repetitive performance problems throughout her employment with LSU about which she was counseled on numerous occasions." [29] The plaintiff offered no evidence to rebut the defendant's evidence. Thus, this Court concludes that Keenan has failed to discharge her burden of proving a prima facie case of discrimination.

### 2. Defendant's Burden of Proving Legitimate Reason

■ Even if the plaintiff has established a prima facie case, the Court finds that the defendant is still entitled to summary judgment on the gender-discrimination issue. Under the Title VII analysis set forth above, if the plaintiff carries her burden of proving a prima facie case of gender discrimination, the burden then shifts to the defendant to "articulate a legitimate nondiscriminatory reason for the termination." [30] In other words, defendant must show, by a preponderance of the evidence, that, even if it took gender into consideration when it made employment decisions about Keenan, the defendant would have made the same decisions.[31] After reviewing the evidence the defendant has produced, this Court concludes that LSU had a legitimate, non-discriminatory reason for not promoting the plaintiff, particularly her job performance record. Plaintiff's evaluations indicate problems with accuracy, consistency, working with other staff members, professional attitude, tardiness and efficiency.[32] Considering the evidence submitted by the defendant, the Court finds that, even if the plaintiff could prove a prima facie case, the defendant has established by a preponderance of the evidence a legitimate, non-discriminatory reason failing to promote the plaintiff.

### 3. Plaintiff's Burden of Proving Pretext

■ Once the defendant has established a legitimate explanation of its decision, the burden of proof shifts back to the plaintiff to establish that the reasons proffered by defendant are merely pretexts for discrimina-

---

**26.** *Davis,* 14 F.3d at 1085 (citations omitted).

**27.** *E.E.O.C. v. Exxon Shipping Co.,* 745 F.2d 967, 972 n. 3 (5th Cir.1984) (citing *Page v. U.S. Industries, Inc.,* 726 F.2d 1038, 1055 (5th Cir.1984)); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973)).

**28.** Affidavit of Michele Forbes, Exhibits E, F, G, H, and I.

**29.** Affidavits of Michele Forbes and Lisa Harris.

**30.** *Valdez v. San Antonio Chamber of Commerce,* 974 F.2d 592, 596 (5th Cir.1992).

**31.** See *Price Waterhouse,* 490 U.S. at 242, 109 S.Ct. at 1786.

**32.** Affidavit of Michele Forbes, Exhibits E, F, G, H, and I.

tion.[33] As stated above, "[t]o demonstrate a 'pretext for discrimination,' the plaintiff must show both that the employer's proffered reason was false and that [gender] discrimination was the real reason."[34] The Court finds that Keenan has failed to establish that: (1) discrimination was the reason she was not promoted, and (2) defendant's reasons for not promoting plaintiff were a pretext for discrimination. It is clear that the plaintiff's only evidence of gender discrimination is her subjective belief Normand was treated differently and she was treated unfairly.[35] The plaintiff has produced no evidence that she was not promoted because of her gender. Furthermore, the Court may consider the gender make-up of the work unit in a discrimination suit to determine whether plaintiff's allegations of gender discrimination are valid.[36] The gender make-up of the LSU Admissions Office supports LSU's argument that gender was not part of the reason that Keenan was not promoted. Of the thirty-three employees in the office, thirty were female employees. Keenan's immediate supervisors were also female. Both employment decisions were made by a female employee. The evidence also reveals that other females in the office were promoted by the defendant during the term of Keenan's employment. Thus, the Court concludes that LSU is entitled to summary judgment as a matter of fact and law on the plaintiff's gender discrimination claims.

### B. Retaliatory Discharge

Plaintiff also alleges that LSU wrongfully discharged her in retaliation for her complaint to Equal Employment Opportunity compliance officer Paul Pitts. The Court's analysis for the retaliatory discharge claim is the same as that used in the gender discrimination discussed above. The plaintiff must make out a prima facie case of retaliatory discharge; the burden then shifts to the defendant to establish a legitimate reason for the discharge; finally, the burden shifts back to the plaintiff to show that the reasons given were a pretext for discrimination.[37] However, the test for the prima facie case is different in a retaliatory discharge claim. In order to establish a prima facie case of retaliatory discharge, a plaintiff must show: "(1) that she engaged in activity protected by Title VII; (2) that an adverse employment action occurred; and (3) that a causal connection existed between the participation in the protected activity and the adverse employment action."[38]

 The Court must first consider whether or not the plaintiff has made out her prima facie case of retaliation. It is clear that Keenan engaged in a protected activity when she met with Pitts to discuss her concern that she was being discriminated against. An adverse employment action occurred when plaintiff was fired. However, Keenan has failed to prove the causal connection between the protected activity and her termination, which is the third prong of the prima facie case. The only evidence that the plaintiff offers in support of her claim is the fact that she was fired four days after speaking to Pitts. While proximity in time supports an inference of causal connection, the temporal relationship is "not in and of itself conclusive of ... retaliation."[39] The weight of the evidence in the record defeats Keenan's argument. The defendant offered the affidavit of Harris which stated that she had

---

**33.** *Patton,* 910 F.Supp. at 1263. (citations omitted.)

**34.** *Patton,* 910 F.Supp. at 1263. (citations omitted.)

**35.** Keenan deposition at 192.

**36.** *See Furnco Construction Corp. v. Waters,* 438 U.S. 567, 98 S.Ct. 2943, 57 L.Ed.2d 957 (1978); *Nieto v. L&H Packing Co.,* 108 F.3d 621 (5th Cir.1997).

**37.** *Shirley v. Chrysler First, Inc.,* 970 F.2d 39, 42 (5th Cir.1992) (citations omitted).

**38.** *Pierce v. Texas Dept. of Criminal Justice,* 37 F.3d 1146, 1151 (5th Cir.1994); *cert. denied,* 514 U.S. 1107, 115 S.Ct. 1957, 131 L.Ed.2d 849 (1995). *See also Shirley v. Chrysler First, Inc.,* 970 F.2d 39 (5th Cir.1992).

**39.** *Shirley,* 970 F.2d 39, 44 (citing *Jones v. Flagship Int'l,* 793 F.2d 714 (5th Cir.1986); other citations omitted). *See also Quiroga v. Hasbro, Inc.,* 934 F.2d 497, 501 (3rd Cir.1991), *cert. denied,* 502 U.S. 940, 112 S.Ct. 376, 116 L.Ed.2d 327 (1991).

the final authority to terminate Keenan and that she made the final decision. Harris further stated in her affidavit that she had no knowledge of plaintiff's complaint of gender discrimination or of her meeting with Pitts at the time the decision to terminate plaintiff was made.[40] In addition, the fact that the defendant had planned to fire Keenan in February of 1992, long before the final action was taken, weighs against the plaintiff's prima facie case.[41] Finally, Ms. Keenan's June, 1992 evaluation indicates that her job performance was not up to par and that she was, before making her complaint, already under official review.[42] Thus, the Court finds that Keenan failed to prove a prima facie case of retaliatory discharge.

Even if plaintiff did establish a prima facie case, plaintiff's claim cannot survive summary judgment. LSU has established a non-discriminatory reason for Keenan's firing, namely poor job performance as set forth above, and plaintiff has failed to prove that the non-discriminatory reason was a pre-text for discrimination.

### III. CONCLUSION

The Court concludes that the plaintiff has failed to establish a material fact in dispute for trial. The Court further finds that the defendant is entitled to summary judgment on both claims asserted by the plaintiff herein.

Therefore:

IT IS ORDERED that defendant's motion for summary judgment be and it is hereby granted. Judgement shall be entered dismissing plaintiff's suit with prejudice.

---

40. Harris Affidavit.

41. Harris Affidavit, Exhibit B.

42. Forbes Affidavit, Exhibit I.