**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Frederick Leon DOTSON, and Reginald
Owens, Defendants-Appellants.**

**No. 85–4952.**

United States Court of Appeals,
Fifth Circuit.

July 1, 1987.

Robert Glass, New Orleans, La., for defendants-appellees.

John Hailman, Asst. U.S. Atty., Robert O. Whitwell, U.S. Atty., Oxford, Miss., for plaintiff-appellee.

Before RUBIN, RANDALL and JOHNSON, Circuit Judges.

### ON PETITION FOR REHEARING

(Opinion May 13, 5th Cir.1987, 817 F.2d 1127)

PER CURIAM:

Defendant-appellant Frederick Leon Dotson requests that this court rehear his appeal, challenging this court's analysis of the evidentiary issues presented therein. Because we find merit in one of Dotson's contentions, we grant rehearing to the extent necessary for the revisions set forth below; otherwise, we deny Dotson's petition.

■ In our opinion reported at 817 F.2d 1127 (5th Cir.1987), we rejected Dotson's contention that a lengthy police report detailing the statement of a government witness to police, admitted below as a prior consistent statement, was inadmissible hearsay not falling within any exception to the hearsay rule. We concluded that

> Dotson's objection that the report constituted "hearsay within hearsay" is misplaced. According to the terms of rule 801(d)(1), prior consistent statements are not hearsay; the hearsay-within-hearsay principle contained in rule 805 simply does not apply to prior consistent statements.

*Id.* at 1133. Upon reconsideration, we find the line of reasoning expressed above to be misplaced, and therefore vacate that portion of our opinion. For the purposes of the hearsay-within-hearsay principle expressed in rule 805, "non-hearsay" statements under rule 801(d), such as prior consistent statements, should be considered in analyzing a multiple-hearsay statement as the equivalent of a level of the combined statements "that conforms with an exception to the hearsay rule." Fed.R.Evid. 805; *see Southern Stone Co. v. Singer,* 665 F.2d 698, 703 (Former 5th Cir.1982) (even if one level of double-hearsay statement was not hearsay according to Fed.R.Evid. 801(d)(2)(A), second level of hearsay was not excepted from hearsay rule and document was inadmissible). That is, the mere fact that one level of a multiple-level statement qualifies as "non-hearsay" does not excuse the other levels from rule 805's mandate that each level satisfy an exception to the hearsay rule for the statement to be admissible.

■ For the purposes of our rule 805 analysis, the report contains two levels of hearsay: the report says that Sergeant Anderson said (first level) that Young said that he carried marijuana for Dotson two or three times a week (second level). Even though the second level qualifies as non-hearsay under rule 801(d)(1)(B) (prior consistent statement), the first level remains, and does not qualify under any exception to the hearsay rule. The report was thus inadmissible, and the district court erred in allowing the jury to consider it. We therefore vacate our holding in Part IV of the opinion.

■ Having carefully reviewed a second time the evidence supporting Dotson's conviction on the conspiracy count, we conclude that such evidence is so overwhelm-

ing there is not "a reasonable possibility that the evidence complained of might have contributed to the conviction." *Fahy v. Connecticut,* 375 U.S. 85, 86–87, 84 S.Ct. 229, 230, 11 L.Ed.2d 171 (1963). We recognize that the report contained a number of potentially prejudicial statements that were not addressed in Young's trial testimony, and we recognize the potentially multiplicative effects that might result from the erroneous admission of the report in conjunction with the erroneously admitted evidence that was the product of an unreasonable search and seizure, discussed in Part V of the opinion. On this record, however, we can only consider the erroneously admitted evidence as whispers in a hail storm: the evidence indicating guilt is so strong we can have no reasonable doubt that the report, viewed in conjunction with the evidence from the search of the car, did not contribute to the verdict. *See* Part V of the opinion (reviewing evidence supporting conspiracy conviction). Therefore, although we agree upon reconsideration that the report constituted hearsay, we find that the district court's error in admitting the report was in any event harmless.

We find no merit in the other contentions raised in Dotson's petition for rehearing.

The application for rehearing is GRANTED to the extent necessary for the revision specified above; otherwise the application for rehearing is DENIED.