**Hector Orlando ARIZA,**
**Plaintiff–Appellant,**

**v.**

**The CITY OF NEW YORK; Raymond Kelly, former Police Commissioner of the City of New York; Lee Brown, former Police Commissioner of the City of New York; Thomas Gallagher, Chief Inspector; John Hill, Chief Inspector; Albert Girimonte, Captain; John White, Captain; Thomas O'Neil, Lieutenant; Thomas Kavanaugh, Lieutenant; William Schmidts, Lieutenant; Gerard Hinton, Sergeant; James McDermott, Sergeant; Edward Fernandez, Captain; Emmanuel Neuwirth, Inspector; Sandra Marsh, former Deputy Police Commissioner of the City of New York; Morris Buckley, Inspector; The New York City**

Police Department; Charles Hynes, District Attorney, Kings County, New York; Angelo Morelli, Assistant District Attorney, Kings County, New York; Jane Meyers, Assistant District Attorney, Kings County, New York; Edward Boyers, Assistant District Attorney, Kings County, New York, Defendants–Appellees.

No. 867, Docket 97–7522.

United States Court of Appeals, Second Circuit.

Argued Nov. 24, 1997.

Decided March 9, 1998.

Ronald Podolsky, Hauppauge, NY, for Plaintiff–Appellant.

Fay Ng, Assistant Attorney, New York City (Paul A. Crotty, Corporation Counsel of the City of New York, Pamela Seider Dolgow, Assistant Attorney, of counsel), for Defendants–Appellees.

Before OAKES and WALKER, Circuit Judges, and BRIEANT, District Judge: *

OAKES, Senior Circuit Judge:

Plaintiff Hector Ariza, a New York City police officer, brought this action under 42 U.S.C. § 1983, alleging that defendants— New York City, the New York City Police Department ("the Department"), and various officials and officers of the Department— acted under color of state authority to deprive him of his First Amendment right to free speech by engaging in acts of retaliation against him. A jury found in favor of defendants, and the United States District Court for the Eastern District of New York, Charles P. Sifton, *Chief Judge,* dismissed the case based on that verdict. On appeal, Ariza argues that the district court erred in excluding from evidence portions of a report issued

---

* The Honorable Charles L. Brieant, District Judge of the United States District Court for the South-  ern District of New York, sitting by designation.

by the Department's Internal Affairs Bureau. We conclude the report was properly excluded as unreliable hearsay and therefore affirm.

Officer Ariza was assigned to the 90th Precinct in Brooklyn. He claimed that he and other officers were instructed to give preferential treatment to the Hasidic community over the Black and Hispanic communities, and that he publicly voiced his concerns about this preferential treatment on two occasions. He argued at trial that defendants retaliated against him for these public statements in various ways. After trial, however, a jury specifically found that Ariza had failed to prove that any of the defendants had retaliated against him.

█ Citing Federal Rule of Evidence 803(8)(C), Ariza argues that portions of a report of the Internal Affairs Bureau should have been admitted as a public report, and that these portions of the report would have supported his allegations by showing the existence of an unofficial policy of retaliation against officers who spoke out about the Department's problems in general. The district court, in its discretion, excluded the report, however, and unless the court abused its discretion, the ruling will be affirmed on appeal. *See City of New York v. Pullman, Inc.,* 662 F.2d 910, 914 (2d Cir.1981).

Under Fed.R.Evid. 803(8)(C), a report is not excluded by the hearsay rule if it sets forth "factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness." Ariza contends that the district court erroneously shifted the burden of proving the trustworthiness of the report to the plaintiff. Because trustworthiness is presumed in the Rule, he argues that it was the obligation of the defendants to show that the report was untrustworthy.

█ It is true that the party opposing the admission of evidence under this Rule has the burden of showing untrustworthiness. *See Bradford Trust Co. v. Merrill Lynch, Pierce, Fenner & Smith,* 805 F.2d 49 (2d Cir.1986). However, before the court can presume trustworthiness, it must determine that the report contains factual findings based on a factual investigation. *Beech Aircraft Corp. v. Rainey,* 488 U.S. 153, 169, 109 S.Ct. 439, 449–50, 102 L.Ed.2d 445 (1988) ("[T]he requirement that reports contain factual findings bars the admission of statements not based on factual investigation."). It is the methodology of factual investigation which provides a threshold safeguard against untrustworthiness. *Id.* It follows from this reasoning in *Rainey* that reports which do not contain factual findings resulting from a factual investigation are not covered by Fed. R.Evid. 803(8)(C) and its presumption of trustworthiness.

The report at issue here is titled "Police Corruption and Culture: A Focus Group Methodology." The report was the product of a "research project" in which twenty-three groups of twelve to fifteen officers each convened to participate in guided group discussions. The report then summarized the discussions and made generalized recommendations regarding future departmental behavior. It did not, and was not intended to, set forth factual findings based on a factual investigation; its stated purpose was "to identify and explore some of the prevailing attitudes, perceptions, and opinions of Police Officers toward a range of integrity-related issues." It was a summary of the attitudes and beliefs of a small group of officers, and was therefore evidence only of those officers' attitudes and beliefs. This is not the type of factual investigatory report contemplated by Fed.R.Evid. 803(8)(C).

Accordingly, the district court did not abuse its discretion in excluding the proffered portions of the report, and its judgment is affirmed.