Audwin JACOBS

v.

CITY OF PORT NECHES, et al.

No. 1:94–CV–767.

United States District Court,
E.D. Texas,
Beaumont Division.

June 4, 1998.

Steve D. Glover, for Plaintiff.

Kerry McKnight, George Cole, Port Neches, TX, Frank Calvert, Port Arthur, TX, Steven Wiggins, Beaumont, TX, Defendants

### MEMORANDUM ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

HEARTFIELD, District Judge.

The court heretofore ordered that this matter be referred to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The court has received and considered the Report of the United States Magistrate Judge pursuant to such order, along with the record, pleadings and all available evidence. No objections to the Report of the United States Magistrate Judge were filed by the parties.

Accordingly, the findings of fact and conclusions of law of the magistrate judge are correct and the Report of the Magistrate Judge filed on May 6, 1998, is ADOPTED. It is therefore

**ORDERED AND ADJUDGED** that defendant George Cole's Motion For Summary Judgment is **DENIED** as moot.

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: CITY OF PORT NECHES' MOTION FOR SUMMARY JUDGMENT

HINES, United States Magistrate Judge.

This action is referred to the undersigned for review, hearing, if necessary, and recommendation of findings of fact and conclusions of law, pursuant to Title 28, United States Code Section 636(b) and Local Rules for Assignment of Duties to Magistrate Judges. See 28 U.S.C. § 636(b) (1993).

This report considers the motion for summary judgment filed by defendant, the City of Port Neches.

## I. BACKGROUND / PRIOR PROCEEDINGS

Plaintiff initiated this action against 12 defendants, raising 22 separate allegations of civil rights violations. Interim pretrial rulings dismissed some of the original defendants and substantially narrowed the issues for trial. Remaining defendants are: Jefferson County, Texas; City of Port Arthur, Texas; George Cole, a detective employed by the City of Port Neches; and City of Port Neches, Texas.

Plaintiff brings this cause of action against Port Neches under 42 U.S.C. § 1983 (1994). He alleges Port Neches is liable for its failure to adequately train and supervise Police Chief Charles Bennefield and Officer George Cole for their activities as part of a multijurisdictional illegal drug interdiction task force known as the "Jefferson County Narcotics Task Force."[1] Plaintiff alleges a widespread task force practice of baseless traffic stops of African–American males driving nice automobiles; planting small amounts of narcotics; and institution of false drug possession charges and civil forfeiture proceedings.[2] Plaintiff further alleges both Cole and Bennefield, or other task force members, then used the illegally seized vehicles for personal use and enjoyment.

Plaintiff's failure to train and supervise claim arises from an incident in October, 1992. According to plaintiff, Port Arthur police officers came into possession of Mr. Jacobs' pistol in a case involving his ex-wife. On October 19, 1992, plaintiff received a telephone call notifying him that he could retrieve the pistol from the police department. After plaintiff retrieved his firearm around 4:00 that afternoon, defendant Cole, accompanied by George Barnes, a federal Bureau of Alcohol, Tobacco, and Firearms agent, commenced tailing plaintiff. Later that day, plaintiff was driving his new 1992 Dodge Stealth in the city limits of Port Arthur, accompanied by a friend. Cole pulled over plaintiff's car. Cole allegedly searched plaintiff's vehicle without consent and found the pistol still in the evidence wrappings from the Port Arthur police department.

Cole arrested Jacobs and took him to jail for unauthorized transportation of a weapon. Port Arthur police officers Baise, Duriso, Mathis, and Carona arrived on the scene as the events unfolded and witnessed the arrest. The weapon charge was filed in Jefferson County Court at Law No. 3, case number 168787–1.

Plaintiff further alleges that Cole thereafter planted narcotics in plaintiff's car. As a result, civil forfeiture proceedings against the Dodge Stealth were commenced. The civil forfeiture case was filed in the 136th Judicial District Court of Jefferson County and docketed as proceeding number D–144284. Further, a possession of narcotics action was filed in the Criminal District Court in Jefferson County, and docketed as proceeding number 63369.

## II. THE MOTION AND RESPONSE

### A. Defendants' Motion For Summary Judgment

Port Neches moves for summary judgment on several grounds, including an assertion that there is no evidence of an unconstitutional municipal custom or policy. Port Neches offers documentary evidence confirming numerous law enforcement training seminars in which both Chief Bennefield and Cole participated. Specifically, the city provides evidence that Chief Bennefield partici-

---

**1.** The affidavit of Robert L. Hobbs, Jefferson County Assistant District Attorney, states that the Jefferson County task force was created in 1989 by grants from the State of Texas Narcotics Control Program. (See Dockt. No. 155 Exh. B). The task force was operated solely by the Jefferson County Sheriff's office until June 1, 1991, when, among others, the City of Port Arthur became a participant. According to Mr. Hobbs, the City of Port Neches and its police department did not begin to participate in the task force until June 1, 1997.

**2.** Plaintiff also alleges that when Chief Bennefield and Officer Cole participated in the illegal stops, they illegally seized cash without properly reporting the funds. Bennefield and Cole then went on gambling trips to casinos and reported the funds as gambling winnings.

pated in nine training courses from 1957 through 1992, and received the Master Peace Officer award from the Texas Commission on Law Enforcement in 1997. (Dft's Mot, Exh A). Port Neches also provides documentary evidence that Cole participated in six training courses from 1988 through 1991. (Dft's Mot, Exh B). Further, Cole received the Intermediate Certificate and Master Peace Officer Award from the State of Texas, in 1989 and 1997, respectively. Because of the training received by these individuals, defendant argues, there is no proof of inadequate training or supervision of these officers.

### B. Plaintiff's Response

Plaintiff's response includes several exhibits. The only exhibit relevant to the city's argument that no evidence establishes an unconstitutional policy or custom is Exhibit F, an internal investigative report prepared by James C. Rose, while employed as investigator in the Jefferson County Criminal District Attorney's Office September 23, 1994. The report, obtained from disclosures made by Jefferson County in this case, concerns allegations of wrongdoing by Cole made by a fellow Port Neches police officer in September, 1994. Basically, those allegations were that (1) Cole twice planted cocaine on criminal suspects after their arrests in 1990 and 1991 in order to confiscate cash and a Corvette automobile; (2) Cole made trips to Las Vegas after large cash busts; and (3) Cole had recently purchased a Porsche car.

Rose interviewed two other Port Neches police officers who said they witnessed Cole's planting of narcotics on criminal suspects in 1990 and 1991. They reported Cole's actions to a department captain who initially expressed indignation and stated Cole should be fired if the allegations were true. However, a few days later, he dropped further investigation and chastised the reporting officers for their roles. They believed that "Chief Bennefield was behind the dropping of the investigation due to the fact that George Cole contributes a large amount of money to the Police Department thru (sic) drug seizures."

Finally, the complaining officer believed "Chief Bennefield may be taking money from the drug forfeiture fund because all cars forfeited are placed in Bennefield's name and no one knows exactly how much money is received when the vehicles are sold."

Plaintiff argues that if Bennefield and Cole committed the acts reported in Rose's report, a genuine issue of material fact is established as to the adequacy of training given Bennefield and Cole. Plaintiff further contends that the city's failure to voluntarily disclose the report in the discovery phase of this litigation is sufficient to raise a genuine issue of material fact as to a policy of condoning wrongful acts of its police officers.

### C. The City of Port Neches Reply

Port Neches separately moves to suppress or strike Rose's report. Port Neches argues that the report is hearsay, contains double hearsay and is unauthenticated. Therefore, it is not proper summary judgment evidence. (Dft's Mot to Strike at 2).

### III. SUMMARY JUDGMENT STANDARDS

Federal Rule of Civil Procedure 56(c) authorizes granting a motion for summary judgment only when the moving party establishes that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. FED. R. CIV. P 56(c) (1998). Thus, the movant has the initial burden of proof. *Longstreth v. Maynard*, 961 F.2d 895 (10th Cir.1992). This burden is satisfied when the movant shows that if the evidentiary record were reduced to admissible evidence at trial, it would be insufficient to permit the nonmovant from carrying its burden of proof. *Celotex v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).

Once the movant meets its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to a material fact. *Matsushita Elec. Indus., Inc. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (omitting citations). Rather, as the Supreme Court stated in *Catrett*, the nonmoving party must "go beyond the pleadings, and by her own affidavits, or

by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. at 2553 (internal quotation removed); *See also, Rizzo v. Children's World Learning Centers, Inc.,* 84 F.3d 758, 764 (5th Cir.1996); *McGann v. H & H Music, Co.,* 946 F.2d 401, 408 (5th Cir.1991).

■ The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *See Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied,* 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994). The court has no duty to sift through the entire record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir.1998) *(citing, Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 915–16 & n. 7 (5th Cir.), *cert. denied,* 506 U.S. 832, 113 S.Ct. 98, 121 L.Ed.2d 59 (1992)); LOCAL COURT RULE CV 56(b) ("The response [to a motion for summary judgment] shall be supported by appropriate citations to proper summary judgment evidence as to which it is contended that a genuine issue of material fact exists.").

Neither unsubstantiated, conclusory assertions, nor inadmissable hearsay are sufficient to raise a genuine issue of material fact. *Ragas,* 136 F.3d at 458; *See also, Cormier v. Pennzoil Exploration & Prod. Co.,* 969 F.2d 1559, 1561 (5th Cir.1992) (In a motion for summary judgment, the court may not "properly consider hearsay evidence in affidavits and depositions.").

■ When considering a motion for summary judgment, the court must construe all facts and inferences in the light most favorable to the nonmoving party. *Nerren v. Livingston Police Dept.,* 86 F.3d 469, 470, n. 1 (5th Cir.1996). Further, a filing signed by the nonmovant and reciting that the state-ments made therein are true and correct under the penalty of perjury constitutes competent summary judgment controverting proof. *See* 28 U.S.C. § 1746; *Nissho–Iwai American Corporation v. Kline,* 845 F.2d 1300 (5th Cir.1988).

## IV. ANALYSIS

### A. Elements of Proof

#### 1. Civil Rights Actions

■ Generally, a section 1983 plaintiff must prove that (1) a person (2) acting under color of state law (3) subjected the plaintiff or caused the plaintiff to be subjected (4) to the deprivation of a right secured by the Constitution or laws of the United States. *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988); *Resident Council of Allen Parkway Village v. United States Dept. of Hous. & Urban Dev.,* 980 F.2d 1043, 1050 (5th Cir.), *cert. denied,* 510 U.S. 820, 114 S.Ct. 75, 126 L.Ed.2d 43 (1993).[3]

■ Personal involvement is an essential showing in a Section 1983 case. *Board of County Commr's of Bryan County v. Brown,* 520 U.S. 397, 117 S.Ct. 1382, 1385, 137 L.Ed.2d 626 (1997), *citing, Monell v. New York City Dept. of Social Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2027, 56 L.Ed.2d 611 (1978). The doctrine of respondeat superior does not apply. *Id.; see also, Worsham v. City of Pasadena,* 881 F.2d 1336, 1339 (5th Cir.1989). Hence, Port Neches does not become liable automatically for deprivation of plaintiff's constitutional right by a city agent or employee.

#### 2. Municipal Liability

■ In *Monell v. New York,* 436 U.S. at 690, 98 S.Ct. at 2036, the Supreme Court recognized that a municipality could be held liable for alleged constitutional torts only where its policies or customs caused viola-

---

**3.** Section 1983 provides:
 Every person who, under color of any statute, ordinance regulation, custom, or usage, of any State ..., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the depriva-tion of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law,
 . . .
 42 U.S.C. § 1983.(1998).

tions of a person's constitutional rights. If it is alleged the policy itself is unconstitutional on its face, *Monell* requires that the plaintiff show that the policy proximately caused the alleged deprivation. *Gonzalez v. Ysleta I.S.D.*, 996 F.2d 745, 755 (5th Cir.1993). Only municipal officials with policymaking authority designated under state law may subject a municipality to section 1983 liability. Thus, to state a cause of action against a municipality, a plaintiff must allege that an action taken pursuant to an unconstitutional policy or custom of the municipality or an official policymaker proximately caused plaintiff's injury. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123, 108 S.Ct. 915, 924, 99 L.Ed.2d 107 (1988).

### 3. Failure to Train and Supervise

 A municipality may be held liable for failing to properly train or supervise its employees. *See City of Canton v. Harris*, 489 U.S. 378, 379, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). Liability is proper "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Id.* at 388; 109 S.Ct. at 1204. Under the "deliberate indifference" standard, a plaintiff must show the municipal policy or custom was the "moving force" behind the constitutional violation. *Bryan County, supra*, 117 S.Ct. at 1388. Thus, the plaintiff must identify a particular deficiency in the employee's training or supervision, and indicate how the identified deficiency caused the constitutional deprivation alleged. *Brown*, 117 S.Ct. at 1392–93; *Canton, supra* at 391, 109 S.Ct. at 1206.

In resolving the issue of a city's liability, the focus must be on adequacy of the training program in relation to the tasks the particular officers must perform. That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program. *See Springfield v. Kibbe*, 480 U.S. at 268, 107 S.Ct. at 1120 (O'Connor, J., dissenting); *Oklahoma City v. Tuttle*, 471 U.S. at 821, 105 S.Ct. at 2435 (Rehnquist, C.J.). It may be, for example, that an otherwise sound program has occasionally been neg-

ligently administered. Neither will it suffice to prove that an injury or accident could have been avoided if an officer had better or more training, sufficient to equip him to avoid the particular injury-causing conduct. Such a claim could be made about almost any encounter resulting in injury, yet not condemn the adequacy of the program to enable officers to respond properly to the usual and recurring situations with which they must deal. And plainly, adequately trained officers occasionally make mistakes; the fact that they do says little about the training program or the legal basis for holding the city liable.

*Id.* at 390–91, 109 S.Ct. at 1206 (internal citations in original).

In summary, merely identifying inappropriate behavior by municipal employees, standing alone, will not support a section 1983 claim against the municipality. To do so would be tantamount to holding the municipality liable solely for its employees actions. To avoid that impermissible result, plaintiff must show more. First, there must be recurring situations presenting an obvious potential for the constitutional violation at issue. Second, the violation must be a plainly obvious or highly predictable consequence of the failure to train or supervise. *Bryan County, supra*, 117 S.Ct. at 1388—1392.

### B. Objections to Plaintiff's Controverting Evidence

Plaintiff's only controverting evidence on the question of whether Port Neches had a policy or custom of inadequate training or supervision is Exhibit F, the Jefferson County Criminal District Attorney report. Port Neches objects to this evidence as inadmissible hearsay.

 Inasmuch as the Jefferson County District Attorney Report is offered to establish truth of the statements contained therein, it is hearsay. FED. R. EVID. RULE 801(c). As stated earlier, inadmissable hearsay cannot establish a genuine issue of material fact. *See Rizzo, supra; Cormier, supra.*

Hearsay statements are admissible if they meet one of the exceptions under the Federal Rules of Evidence. FED. RULE EVID. 802. Thus, police investigative reports are admissible in certain circumstances under the business records exception. *See* Fed.R.Evid. 803(6); *see also, United States v. Scallion,* 533 F.2d 903, 915 (5th Cir.1976); *Harris v. Browning–Ferris Indus., Chemical Svcs., Inc.,* 635 F.Supp. 1202, 1209 (M.D.La. 1986). However, when police reports contain witness statements, and the witness statements are offered to prove their truth, the statements themselves generally are inadmissible. *See Ariza v. City of New York,* 139 F.3d 132, 133–34 (2d Cir.1998) (witness statements in police investigative report inadmissible as business record). *United States v. Dotson,* 821 F.2d 1034, 1035–36 (5th Cir.1987) (holding that witness statements in police report inadmissible); *United States v. Halperin,* 441 F.2d 612, 618–19 (5th Cir.1971) (investigative report not admissible as public record under FED. R. EVID. 803(8)). Therefore, the challenged internal report made by a Jefferson County Criminal District Attorney investigator may well be inadmissable hearsay.

Nevertheless, if the trial judge ultimately concludes that plaintiff's Exhibit F has other circumstantial guarantees of trustworthiness, it could be admitted under the residual hearsay exception. *See* FED. R. EVID. 807. Accordingly, for analytical purposes, this report assumes *arguendo* that the document is appropriate controverting evidence.

## C. Evidence of an Unconstitutional Municipal Policy

The city has presented unobjected-to evidence of continuous and facially lawful training of both Bennefield and Cole, spanning more than 30 and 10 years, respectively. (*See* Dft's Mot, Exh.s A and B). No evidence remotely suggests this level of training is inadequate or somehow insufficient.

Plaintiff's controverting evidence, taken in its most favorable light, raises issues of fact as to lack of integrity, collusion, and illegal

---

4. Given plaintiff's allegations that Bennefield and Cole were acting not as Port Neches police officers, but as members of the Jefferson County

activity of Chief Bennefield and Officer Cole. If Chief Bennefield is the de facto policymaker for police matters in Port Neches, his and Cole's actions might be attributable to the city. *See Pembaur v. City of Cincinnati,* 475 U.S. 469, 480, 106 S.Ct. 1292, 1298, 89 L.Ed.2d 452 (1986) (concluding "that municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances.").[4] Thus, the controverting evidence could defeat a motion for summary judgment if plaintiff's claim were, for example, that the city had a policy of depriving African–Americans of equal protection of the laws.

[12] Jacobs, however, only seeks to impose municipal liability on Port Neches based on failure to train and supervise. The Rose report contains no facts and raises no issue about a policy of inadequate training or supervision adopted with deliberate indifference. Thus, irrespective of whether Bennefield and Cole are corrupt, nothing suggests that inadequate training or supervision, as opposed to personal character flaws, led to that despicable activity. *See Harris,* 489 U.S. at 390–91, 109 S.Ct. at 1206. Nothing of record would be sufficient at trial to establish that the alleged deprivation of Jacobs' constitutional rights by Port Neches police officer Cole was a highly predictable consequence of the failure to train. Basic dishonesty, not faulty training, would account for such shortcomings. Hence, the city's motion for summary judgment should be granted.

## RECOMMENDATION

Defendant's motion for summary judgment should be granted. Plaintiff's section 1983 claims against the City of Port Neches should be dismissed.

## OBJECTIONS

Objections must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b), 72(b).

---

Narcotics Task Force, this assumption is tenuous.

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir.1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir.1996) (en banc).

May 1, 1998.