# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2010

Lyle W. Cayce
Clerk

No. 09-30833
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN TIMOTHY COTTON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:00-CR-60029-1

Before KING, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

John Timothy Cotton, federal prisoner # 32736-077, appeals the district court's denial of his motion for reconsideration of a postconviction order by the district court that corrected the jury verdict form. We construe his notice of appeal as also appealing the district court's underlying order. *See Lockett v. Anderson*, 230 F.3d 695, 700 (5th Cir. 2000). We review the district court's rulings for abuse of discretion. *See United States v. Mueller*, 168 F.3d 186, 188 (5th Cir. 1999); *United States v. Brewer*, 60 F.3d 1142, 1145–46 (5th Cir. 1995).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cotton's motion to file an out-of-time reply brief is granted. After filing the notice of appeal, Cotton moved to be released on bail. Cotton's motion to be released on bail is denied.

Cotton was charged in a superseding indictment with conspiracy to possess with intent to distribute cocaine base (Count One); possession with intent to distribute cocaine base (Count Two); conspiracy to commit money laundering (Count Three); engaging in a continuing criminal enterprise (CCE) (Count Four); and forfeiture of all property from drug proceeds (Count Five).

In anticipation of trial, the government prepared a redacted superseding indictment. Counts Two and Three of the superseding indictment were removed from the redacted superseding indictment. Their removal changed the numbering of the other counts. Count Four of the superseding indictment, charging CCE, was Count Two in the redacted superseding indictment.

The government prepared a verdict form based upon the redacted superseding indictment. Count One of the redacted superceding indictment and the verdict form corresponded to Count One of the superceding indictment. However, following the redacted superceding indictment, the verdict form provided that Count Two was the CCE charge when, in fact, the superseding indictment provided that Count Four was the CCE charge.

The jury found Cotton guilty of Counts One and Two, which were conspiracy to possess with intent to distribute cocaine base and engaging in a CCE, respectively. The jury also returned a forfeiture verdict against Cotton in connection with his convictions on those counts. Cotton received a life sentence for the CCE conviction.

Several years later, after responding to Cotton's habeas petition, the government filed a "Motion to Renumber Count Two of the Verdict Form" in which the government requested that the court renumber the counts of the verdict form so that the numbers would correspond with the numbers on the counts of the superseding indictment. The court granted the motion. In its

2

order correcting the jury verdict form, the district court renumbered the form such that the verdict now correctly states that Cotton's CCE conviction was for Count Four of the superseding indictment and not Count Two of the redacted superseding indictment that was used during the jury trial.

Cotton argues that the district court lacked jurisdiction to change the jury verdict form and that the error in the jury verdict form was a jury error, not a clerical error. Cotton also argues that he should have received an evidentiary hearing with respect to the following claims: whether there was fraud upon the court based on the manipulation of the grand jury through unreliable hearsay, perjured testimony, the misinstruction of the law by the government regarding the numerous indictments, and in relation to the redacted superseding indictment and jury verdict form; whether he was denied the effective assistance of trial and appellate counsel; whether he should be resentenced to no more than 10 years in prison because he could not be both an aider and abettor and a kingpin of the CCE; whether his conviction was in violation of *Burton v. United States*, 531 U.S. 801 (2000), *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Jones v. United States*, 526 U.S. 227 (1999); and whether he should be able to file a new appeal or an amended 28 U.S.C. § 2255 motion. He also argues that the district court erred in denying his motion for reconsideration because he did not have three predicate offenses to support his CCE conviction and that double jeopardy prevents amending the jury verdict form because he has already paid a $100 special assessment for Count 2. In addition, he argues that the jury was not properly instructed on the forfeiture count.

The jury verdict's references to the counts as numbered in the redacted superseding indictment instead of as numbered in the superseding indictment were clerical errors subject to correction under Federal Rule of Criminal Procedure 36 "at any time." *See* FED. R. CRIM. P. 36*; United States v. Dotson*, 817 F.2d 1127, 1129 (5th Cir.), *modified on other grounds*, 821 F.2d 1034 (5th Cir. 1987); *see also United States v. Stauffer*, 922 F.2d 508, 510 (9th Cir. 1990). In

addition, the jury verdict makes clear that while the redacted superseding indictment may have changed the number of the count for the CCE charge, the jury found Cotton guilty of engaging in a CCE. Thus, there is no indication that there was an improper amendment of the superseding indictment or that the redacted superseding indictment had to be presented to the grand jury. *See United States v. Alvarez-Moreno*, 874 F.2d 1402, 1411 (5th Cir. 1989).

Cotton's remaining arguments do not demonstrate an abuse of discretion in ruling on the motions dealing with the correction of the jury verdict form. The issues Cotton raises either were not presented to the district court, are contained in a pending habeas application that has been stayed pending resolution of this appeal, or are irrelevant to evaluating whether the district court abused its discretion in correcting the clerical order. We express no view on the merits of these arguments except as they are relevant to the district court's rulings on the motions dealing with the correction of the jury verdict. The district court's rulings on those motions are affirmed. Because Cotton's motion for bail essentially repeats these same arguments, it is likewise denied.

AFFIRMED; motion to file out-of-time reply brief GRANTED; motion for release on bail DENIED.