671 So.2d 537 (1996)
Richard F. DOHONEY and Robert Reardon
v.
LOUISIANA CASINO CRUISES, INC.
No. 95 CA 1570.
Court of Appeal of Louisiana, First Circuit.
February 23, 1996.
Rehearing Denied March 29, 1996.
Writ Denied May 3, 1996.
*538 E. Wade Shows, Baton Rouge, for Plaintiffs-Appellees Richard F. Dohoney and Robert Reardon.
Edward J. Walters, Jr. and Joseph P. Brantley, IV, Baton Rouge, for Defendant-Appellant Louisiana Casino Cruises, Inc.
Before SHORTESS, PARRO and KUHN, JJ.
KUHN, Judge.
Plaintiffs, Richard F. Dohoney and Robert Reardon, filed this suit for damages against defendant, Louisiana Casino Cruises, Inc. ("LCCI"), claiming they are entitled to a commission pursuant to a Nonexclusive Loan Brokerage Agreement ("the agreement").[1] The trial court awarded judgment in favor of plaintiffs in the amount of $510,000.00. LCCI has appealed.
Pursuant to the terms of the agreement, Dohoney and Reardon agreed to use their *539 best efforts in order to obtain the necessary loan(s) or equity financing to assist and facilitate LCCI's business objectives of constructing, managing or operating various riverboat gambling vessels and related businesses in the State of Louisiana. Pursuant to the terms of the contract, the parties agreed LCCI would pay a one percent commission of the gross amount of any loans or financing obtained by Reardon and Dohoney. The agreement also contains a noncircumvention clause which provides:
Client [LCCI] agrees that it will not circumvent Broker [Reardon and Dohoney] in order to avoid its obligations under this agreement and attempt to obtain any loans or financing directly from, or through, any other person or brokers that Broker has previously contacted or solicited in order to obtain any loans or financing from for a perid [sic] of two (2) years, provided that Broker has previously notified Client, in writing, and Client has agreed, in writing, that a specific potential financing source has been or will be contacted and solicited by Broker to obtain the financing described in this agreement. If Client violates this provision, then Broker shall nonetheless be entitled to a commission as set forth herein.
Client and Broker, now, specifically agree and acknowledge that Broker shall contact and solicit the following potential lenders or financial sources:
Salomon Brothers, Inc.
The agreement also provided, in pertinent part:
This is a nonexclusive agreement and Client has the right to use any other brokers, agents or representatives in order to obtain the financing necessary in order to conduct its business operations, subject to the terms of this agreement.
A bond underwriting commitment for the riverboat project was ultimately obtained from Salomon Brothers Inc. ("Salomon"), which raised $51,000,000.00 in funding for LCCI. The parties dispute whether the funding resulted from the efforts of Reardon and Dohoney or from LCCI's efforts and whether LCCI violated the provisions of the noncircumvention clause. On appeal, LCCI asserts the court erred in concluding it circumvented the nonexclusive brokerage agreement. LCCI also contends the trial court erred in granting recovery to plaintiffs, arguing plaintiffs were not the procuring cause of the financing commitment obtained by LCCI.
In "Written Reasons for Judgment" (attached as Appendix A), the trial court addressed the actions of the parties regarding their contact with representatives of Salomon, and determined LCCI clearly circumvented the brokerage agreement. After a thorough review of the record, we find no manifest error in the trial court's factual determinations. A court of appeal may not set aside a trial court's finding of facts in the absence of "manifest error" or unless it is "clearly wrong." In order to reverse a fact finder's determinations, the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and the court must determine the record establishes the finding is clearly wrong (manifestly erroneous). Stobart v. State Through DOTD, 617 So.2d 880, 882 (La.1993). If the trial court's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, 1112 (La.1990).
LCCI argues the words of the agreement sanction its actions. LCCI contends the agreement only disallows subsequent contact or solicitation of individual persons and brokers, not entire financial sources. LCCI asserts its actions in obtaining financing from a completely separate department within the same "financial source," Salomon, was not proscribed by the agreement.
We agree with the trial court's finding that LCCI's actions in contacting and negotiating with various Salomon representatives was a proscribed circumvention of Reardon and Dohoney's efforts to obtain financing through Salomon. We conclude the noncircumvention clause of the agreement clearly prohibited such action by LCCI. According *540 to the terms of the agreement, Reardon and Dohoney are entitled to collect the commission due to LCCI's violation of the noncircumvention clause.
Furthermore, if we were to find the language of the noncircumvention clause is ambiguous regarding whether it proscribed LCCI's contact of persons or brokers within Salomon, who had not been previously contacted by Dohoney and Reardon, we would be required to interpret such ambiguity in favor of plaintiffs and against LCCI. The evidence is undisputed the agreement was drafted by LCCI's attorney, Barry Miller. Any ambiguity in the agreement must be interpreted against the party who prepared the contract. Kenner Industries, Inc. v. Sewell Plastics, Inc., 451 So.2d 557, 560 (La. 1984); Bond v. Allemand, 632 So.2d 326, 329 (La.App. 1st Cir.1993), writ denied, 94-0718 (La. 4/29/94); 637 So.2d 468.
LCCI also contends plaintiffs are not entitled to recover because they were not the procuring cause of the financing commitment obtained from Salomon. We find no merit in this argument. We do not reach the issue of whether Reardon and Dohoney would have been required to be the procuring cause of the financing transaction in order to recover the commission, if LCCI had not breached the noncircumvention clause. As noted above, the agreement clearly provides Reardon and Dohoney are entitled to collect the commission provided for in the agreement upon violation of the noncircumvention clause. Since Reardon and Dohoney have established LCCI's violation of the noncircumvention clause, they are entitled to collect the commission.
For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are to be paid by defendant-appellant, Louisiana Casino Cruises, Inc.
AFFIRMED.
NOTES
[1] The contract was executed by Reardon, Dohoney and Jerry Bayles, one of the principals of LCCI, during October of 1992.