**RICHMOND CAPITAL CORPORATION**

v.

**FEDERAL EXPRESS CORPORATION.**

No. Civ.A. 96–7590–B–M2.

United States District Court,
M.D. Louisiana.

Nov. 19, 1998.

---

738

William Steven Mannear, Poynter, Mannear & Colomb, Baton Rouge, LA, for Richmond Capital Corporation, plaintiff.

Michael H. Rubin, Robin W. Bueche, Roger Frank Sagal, McGlinchey Stafford Lang, Baton Rouge, LA, Dwayne S. Byrd, Federal Express Corporation, Memphis, TN, for Federal Express, defendant.

## RULING

POLOZOLA, Chief Judge.

This matter is before the Court on defendant's motion for summary judgment. Because of the issue involved, the Court on its own motion and without opposition converted defendant's motion for summary judgment to a cross-motion for summary judgment. For reasons which follow, the plaintiff's motion for summary judgment is GRANTED.

## CROSS–MOTIONS FOR SUMMARY JUDGMENT

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1]

The well-established criteria that there must be no *genuine* issue of *material* fact before summary judgment will issue insures that a properly supported motion will not be defeated simply by the "existence of *some* alleged factual dispute."[2] With respect to "materiality," because the underlying substantive law is referenced to determine what facts are material,[3] only factual disputes that might affect the action's outcome under governing law can properly preclude summary judgment; disputes over facts which have no effect on the action's resolution are irrelevant.[4] However, even if material, a factual dispute will not prevent summary judgment if the dispute is not "genuine." In examining the record, the Court will view the evidence and draw all reasonable inferences therefrom in favor of the party not bearing the burden of proof at trial.[5]

In this situation, where there are cross motions for summary judgment, the party bearing the burden of proof at trial must not only satisfy the initial burden of production on the summary judgment motion by demonstrating that there is no genuine dispute as to any material fact, but also the ultimate burden of persuasion on the claim itself by showing that it would be entitled to a judgment as a matter of law at trial.[6] However, the Court need not determine whether that party has carried its ultimate burden of persuasion until after the initial burden of production has been fulfilled. Upon such a showing by the party bearing the burden of proof, the party not bearing the burden of proof at trial is required to

1. FED.R.CIV.P. 56(c). *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Cormier v. Pennzoil Exploration & Prod. Co.,* 969 F.2d 1559, 1560 (5th Cir.1992).

2. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

3. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510.

4. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510.

5. *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513; *Newport Ltd. v. Sears, Roebuck & Co.,* 6 F.3d 1058, 1064 (5th Cir.1993).

6. FED.R.CIV.P. 56(c). *See also Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

come forward with evidence which demonstrates the existence of a genuine issue for trial. When all the evidence presented by both parties "could not lead a rational trier of fact to find for the [party not bearing the burden of proof at trial], there is no 'genuine issue for trial'" and summary judgment is proper.[7]

## FACTS AND PROCEDURAL HISTORY

Richmond Capital entered into a contract with Federal Express ("FedEx") to deliver computer equipment from Louisiana to New York. The contract consisted of several standard forms provided by FedEx. These forms had several options which the plaintiff could select regarding when and how the buyer was to pay FedEx. Richmond Capital selected the option of "collect on delivery," and selected cashier's checks or money orders as the only acceptable methods of payment. The contract further provided that Richmond Capital was to bear the risk of fraud or forgery with regard to the payment collected.

FedEx initially failed to make delivery due to an incorrect address. Richmond Capital's customer then went to the FedEx office to pick up the package. The FedEx employee at the office accepted as payment a check labeled an "Official Check". This "Official Check" proved to be a forgery. The check was actually a teller's check, not a cashier's check. A cashier's check requires the draft have the same bank as both drawer and drawee,[8] which this check did not. The computer equipment was never recovered, nor was payment made to Richmond Capital by its customer.

Richmond Capital filed this suit against FedEx in state court. The defendant timely removed the suit to this Court. Plaintiff filed a motion to remand which was denied by the Court. Thereafter, defendant filed a motion for summary judgment in October of 1997, which the Court granted without opposition in March of 1998. Plaintiff then filed a motion for new trial or relief from judgment, which the Court granted on March 24, 1998. The Court then requested oral argument on the issues presented in defendant's motion for summary judgment. At oral argument the Court determined, with agreement from the parties, that summary judgment would be appropriate for one of the two parties, as there are no factual issues in dispute. Therefore, the Court converted defendant's motion for summary judgment to a cross-motion for summary judgment.

## LAW AND ANALYSIS

■ The issue before the Court is whether Richmond Capital or FedEx should be liable for the loss sustained by the forged check accepted by FedEx from Richmond Capital's customer. Richmond Capital argues FedEx is liable since it failed to pick up the correct form of payment as required in the contract. FedEx argues Richmond Capital is liable because it accepted the risk of forgery.

The first issue to be determined is which law applies. Richmond Capital argues that Louisiana state law applies. FedEx claims that federal common law must apply. Courts have reached differing conclusions as to which law applies.[9] This Court will not attempt to resolve this issue in this ruling since the parties have agreed during oral arguments that the difference is one without distinction under the facts of this case. Neither party argues that the outcome of this case will be impacted by the law applied.[10] In fact, neither party addressed the issue as requested by the Court in its request for supplemental briefing.[11] Furthermore, in *American Airlines v. Wolens*, 513 U.S. 219, 233, 115 S.Ct. 817, 826, 130 L.Ed.2d 715

---

7. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1560 (5th Cir.1992).

8. La Rev.Stat.Ann. § 10:3–104(g) (West 1993).

9. In support of Richmond Capital's argument, see *Deerskin Trading Post, Inc. v. United Parcel Serv. of America*, 972 F.Supp. 665 (N.D.Ga.1997);

*Roberts Distrib., Inc. v. Federal Express Corp.*, 917 F.Supp. 630 (S.D.Ind.1996). In support of FedEx's argument, see *Sam L. Majors Jewelers v. ABX, Inc.*, 117 F.3d 922 (5th Cir.1997); *McCall–Thomas Eng'g Co. v. Federal Express Corp.*, 81 F.3d 28 (4th Cir.1996).

10. Rec. Doc. Nos. 23, 32, 36, 38, 39

11. Rec. Doc. Nos. 37, 38, 39

(1995), the Supreme Court held that the "distinction between what the State dictates and what the airline itself undertakes confines courts, in breach of contract actions, to the parties' bargain, with no enlargement or enhancement based on state laws or policies external to the agreement."

After reviewing the entire record, the Court finds that FedEx is liable for breach of its contract with Richmond Capital. It is clear that FedEx failed to limit the acceptable method of payment in the C.O.D. transaction to those methods specified within the contract. By accepting the "Official Check" instead of a cashier's check or money order, the defendant accepted the wrong type of method of payment. Ambiguities in contracts are construed against the party who drafted the contract.[12] FedEx drafted the contract at issue. The contract gave Richmond Capital the option of selecting a secured form of payment. Richmond Capital mandated that only cashier's checks and money orders be accepted. FedEx failed in its contractual obligation to enforce Richmond Capital's selection of the secured form of payment as specified in FedEx's own contract. Thus, FedEx bears the responsibility for the lost merchandise for breaching its contract with Richmond Capital. The Court acknowledges that had FedEx accepted a forged cashier's check, such a risk would have been assumed by Richmond Capital since it bore the risk of forgery. In this case, FedEx accepted the wrong type of payment. Therefore, even though the wrong type of payment accepted by the defendant was a forgery, FedEx must accept liability for accepting the wrong type of payment. It is the act of accepting the wrong type of payment which makes the defendant liable in this case.

Therefore:

IT IS ORDERED that defendant's motion for summary judgment be treated as a cross-motion for summary judgment. IT IS FURTHER ORDERED that Richmond Capital's motion for summary judgment be and it is hereby GRANTED.

IT IS FURTHER ORDERED that FedEx's motion for summary judgment shall be DENIED.

The parties shall have ten (10) days to submit a proposed judgment in accordance with this ruling.

---

**12.** *Mastrobuono v. Shearson Lehman Hutton, Inc.,* 514 U.S. 52, 56, 115 S.Ct. 1212, 1219, 131 L.Ed.2d 76 (1995); *Kenner Indus., Inc. v. Sewell Plastics, Inc.,* 451 So.2d 557, 560 (La.1984); *Do-honey v. Louisiana Casino Cruises, Inc.,* 671 So.2d 537 (La.App. 1st Cir.1996); 17A Am.Jur.2d Contracts § 348 (1991).