**BREITLING U.S.A. INC., Plaintiff,**

v.

**FEDERAL EXPRESS CORP., Defendant.**

**No. Civ. 3:97cv1501 (DJS).**

United States District Court, D. Connecticut.

March 26, 1999.

---

Judith R. Cohen, Squadron, Ellenoff, Plesent, Sheinfeld & Sorkin, New York City, Peter L. Truebner, Stamford, CT, for Breitling USA, Inc, plaintiff.

R. Cornelius Danaher, Jr., Charles E. Vermette, Jr., Danaher, Tedford, Lagnese & Neal, Hartford, CT, R. Jeffery Kelsey, Federal Express Corporation, Legal Department, Memphis, TN, for Federal Express Corp., defendant.

### MEMORANDUM OF DECISION

SQUATRITO, District Judge.

The plaintiff, Breitling U.S.A. Inc. ("Breitling"), brings this action against the defendant, Federal Express Corp. ("FedEx"), alleging breach of contract, negligence, unjust enrichment, and violation of the Connecticut Unfair Trade Practices Act (CUTPA) as set forth in Conn.Gen. Stat. § 42–110b *et seq.* Now pending before the court is the defendant's motion for summary judgment on all of the plaintiff's claims, pursuant to Federal Rule of Civil Procedure 56(c). For the reasons stated below, the defendant's motion is **GRANTED.**

### I. *Facts*

Examination of the memoranda, affidavits, and Local Rule 9 statements submitted in support of the motion for summary judgment and the responses thereto, discloses the following.

Breitling is a Connecticut corporation and the exclusive distributor of Breitling watches throughout the United States.

FedEx is a corporation based in Memphis, Tennessee that provides services for the transportation of goods throughout the world. FedEx is an air cargo carrier certified by the Federal Aviation Administration.

On April 1, 1992, Breitling entered into a contract ("Agreement") with FedEx to "utilize Federal Express as a carrier for the transportation and delivery of watches." (Def.'s Mem.Supp.Sum.J.Ex. A at 1.) The relevant details of this Agreement will be discussed *infra*.

On January 8, 1997, while the Agreement was in force, a group of hijackers intercepted a FedEx delivery truck and stole some of the truck's contents. Just prior to the hijacking, the delivery truck had picked up 91 packages from Breitling. The hijackers stole 53 of these packages. As a result of this loss, Breitling submitted claims to FedEx totaling $176,412.89, of which FedEx has tendered $36,968.00 to date.[1] Breitling now sues to recover the balance of this claimed loss under the April 1, 1992 Agreement, as well as the

> [l]oss of monies paid to FedEx for additional declared value coverage which coverage FedEx has refused to provide; ... [c]osts incurred to replace stolen watches; ... [d]amage to Breitling' [sic] business reputation with dealers and with customers who had entrusted watches to Breitling for repair; and [e]xpenses of litigation.

(Complaint ¶ 35.)

## II. *Standard*

A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material fact to be tried, and that the facts as to which there is no such issue warrant judgment for the moving party as a matter of law. *See* Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Gallo v.*

*Prudential Residential Servs., Ltd., Partnership,* 22 F.3d 1219, 1223 (2d Cir.1994). The determination of what facts are material to a particular claim is made based upon the substantive law upon which that claim rests. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable [factfinder] could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505.

In determining whether there is a genuine issue as to any material fact, the court must resolve all ambiguities and draw all factual inferences in favor of the nonmoving party. *See Anderson,* 477 U.S. at 255, 106 S.Ct. 2505; *Gallo,* 22 F.3d at 1223; *Ramseur v. Chase Manhattan Bank,* 865 F.2d 460, 465 (2d Cir.1989); *Project Release v. Prevost,* 722 F.2d 960, 968 (2d Cir.1983). The burden of showing that no genuine factual dispute exists rests on the party seeking summary judgment. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

On a motion for summary judgment, a court cannot try issues of fact; it can only determine whether there are issues to be tried. *See Anderson,* 477 U.S. at 255, 106 S.Ct. 2505; *Donahue v. Windsor Locks Bd. of Fire Comm'rs,* 834 F.2d 54, 57 (2d Cir.1987). The Function of the court at this stage is not to weigh the evidence and determine what is true, but rather to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

## III. *Discussion*

The defendant argues that all of the plaintiff's claims are preempted by the Air-

---

1. Paragraph 19 of the complaint states that "FedEx has purported to deliver checks totaling $36,938 in settlement of these claims but Breitling has refused to accept said sum, except for $10,250.40, which checks have been cashed." (Complaint ¶ 19.)

line Deregulation Act of 1978 ("ADA"), 49 U.S.C. § 41713. The plaintiff does not contest the defendant's motion for summary judgment on counts two, three and four of the complaint, alleging negligence, unjust enrichment, and violation of CUTPA, respectively. Therefore, the court adopts the reasoning and conclusions as stated in *Dinkin v. Federal Express Corp.*, No. 3:97CV511 (AVC) (D.Conn. Mar. 4, 1998), and holds that the plaintiff's non-contractual claims contained in counts two, three and four of the complaint are preempted by the ADA.

However, the plaintiff opposes the defendant's motion for summary judgment on the breach of contract claim contained in count one of the complaint, contending that this claim is not preempted by the ADA.[2] The court will address this argument below.

Since the outcome of this case depends upon the nature of Breitling's contract claims, the exact terms of the Agreement warrant a brief discussion. The Agreement stipulates that Breitling not describe the contents of any package being shipped on the package itself, or the accompanying airbills, and that the identity of both the shipper and recipient be concealed under an acronym or the local manager's name. The Agreement states that

> Federal Express does not provide "insurance" coverage, and does not provide coverage of any kind for losses occasioned by "Liabilities Not Assumed" as indicated in the Federal Express Worldwide Service Guide.... Breitling agrees to make claims ... only for shipments which are lost or damaged by obvious and documentable negligence by Federal Express.

(Def.'s Mem.Supp.Summ.J.Ex. A at 2.)

 The Agreement incorporates by reference the Federal Express Worldwide Service Guide ("Service Guide").[3] *(See*

---

**2.** Breitling contends that FedEx has waived the right to assert its preemption defense to the breach of contract claim because FedEx briefed this issue for the first time in its reply memorandum in support of summary judgment. Without reaching the question of whether preemption under the ADA may be waived, *see e.g., Sweeney v. Westvaco Co.*, 926 F.2d 29, 37–42 (1st Cir.) (holding that a preemption defense under ERISA, despite sounding in subject matter jurisdiction, could be waived), *cert. denied,* 502 U.S. 899, 112 S.Ct. 274, 116 L.Ed.2d 226 (1991), the court finds that the defendant properly reserved its right to assert this defense by listing preemption as its Fourth Affirmative Defense. *(See* Answer at 4, stating: "Plaintiff's claims are preempted and barred by 49 U.S.C. § 41713.") *Compare Cannava v. USAir, Inc.*, Civ. No. 91–30003–F, 1993 WL 565341 at *3 (D.Mass. Jan.7, 1993) (holding that, because the defendant asserted the defense in its answer, it did not waive its right to assert its preemption defense); *with Thomas & Thomas Architects, Ltd. v. Cyrus Homes, Inc.*, No. 97C6936, 1998 WL 321463 at *4 (N.D.Ill. June 12, 1998) (holding that the defendant waived the right to assert a preemption defense in a reply memorandum in support of summary judgment when the defendant failed to assert preemption as a defense in its answer). Despite the fact that, in its discovery responses, the defendant may have failed to notify the plaintiff of its intention to assert the preemption

defense against Breitling's breach of contract claim, the court does not find that the plaintiff has been unfairly prejudiced by this omission for two reasons. First, the plaintiff has adequately briefed the issue in its surreply brief in opposition to summary judgment. Second, the timing of the defendant's assertion itself does not amount to unfair prejudice. *See e.g., Wolf v. Reliance Standard Life Ins. Co.*, 71 F.3d 444, 449–50 (1st Cir.1995) (affirming the trial court's refusal to grant the defendant leave to amend its answer to include preemption as a defense five days before trial).

**3.** The plaintiff objects to the defendant's use of certain documents, including the Service Guide, in support of its motion for summary judgment. Because the Service Guide is the only disputed document pertinent to the instant motion, the following discussion of this objection is limited to that document alone.

The plaintiff claims that FedEx did not properly authenticate the Service Guide, and, pursuant to Fed.R.Civ.P. 56(e), should therefore be precluded from using it to support its motion. Although the defendant failed to comply with the Rule's technical requirements when filing its original motion, the court hereby extends permission, nunc pro tunc, to submit additional materials to support the original motion because the defendant has cured the defect without prejudice to

Def.'s Mem.Supp.Summ.J.Ex. A at 1, stating that "[t]he following conditions of this agreement are in addition to the service conditions contained in the Federal Express Worldwide Service Guide, ... which is hereby incorporated into this letter by reference"). The "Liabilities Not Assumed" section of the Service Guide states that "[FedEx] will not be liable for ... any loss ... except as such may result from our sole negligence." (Def.'s Mem.Supp. Summ.J.Ex. B at 188.)

The Service Guide also contains a section entitled "Service Conditions for Shipments Between Points Within the United States," which

> contain[s] the Service Conditions applicable to the transportation of any package ... including ... items tendered by customers utilizing our FedEx automated systems, manifests, airbills and stamps when shipping between points within the United States....

(Def.'s Mem.Supp.Summ.J.Ex. B at 178.) In addition, this section of the Service Guide states

> [i]f there is a conflict between these Service Conditions and the terms and conditions on any FedEx airbill, mani-

fest, stamp or other transit documentation, the Service Conditions in the Service Guide will control.... Any conflict or inconsistency between this Guide and other written or oral statements concerning the rates, features of service, products and service conditions applicable to FedEx service will be controlled by this Guide, as modified, amended or supplemented by FedEx from time to time.

(Def.'s Mem.Supp.Summ.J.Ex. B at 178.)

The plaintiff seeks to recover damages under the 1992 Agreement for the items stolen during the January 8, 1997 hijacking. Relying upon the language of the Service Guide and 1992 Agreement, both of which state that FedEx is liable only for its own negligence, the defendant contends that it is not liable for the plaintiff's loss because criminal acts of third parties caused the loss. In response to this argument, Breitling contends that FedEx has waived the right to rely upon the "Liabilities Not Assumed" section of the Service Guide, or, in the alternative, that the language in that section conflicts with the terms of the 1992 Agreement, and therefore should not apply.[4] In either case,

the plaintiff by filing an affidavit properly authenticating the Service Guide in question. (*See* Moore Aff. ¶ 3); *see also Kidder Peabody & Co. Inc. v. IAG Int'l Acceptance Group N.V.,* No. 94 CIV. 4725(CSH), 1998 WL 828075 at *3 (S.D.N.Y. Nov.17, 1998) (permitting the submission of supplemental materials in support of summary judgment nunc pro tunc as a response to respondent's challenge to the motion).

The plaintiff also argues that "it appears that FedEx did not produce any Service Guide" in response to a discovery request, Cohen Aff. ¶ 2, and that Fed.R.Civ.P. 37(c) precludes its use following such an omission. The court finds that this omission, which the defendant claims was inadvertent, if it in fact occurred, does not preclude consideration of the Service Guide in connection with the instant motion. The Service Guide is specifically referenced in the 1992 Agreement, and was provided with the Agreement. The plaintiff does not dispute the authenticity of the Service Guide, nor does it claim that it was never provided with the document. For these reasons, the court finds that any procedural er-

ror is harmless, and will therefore consider the Service Guide in its resolution of this matter. *See* Fed.R.Civ.P. 37(c)(1) (stating that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, ... be permitted to use as evidence ... on a motion ... information not so disclosed").

Finally, the court notes that the Service Guide is a valid addition to the 1992 Agreement. *See North American Phillips corp. v. Emery Air Freight Corp.,* 579 F.2d 229, 234 (2d Cir.1978) (holding that federal common law applies to cases arising from interstate transportation by a certified air carrier, and that an air carrier may limit its liability by supplementing bills of lading).

4. Specifically, the plaintiff argues that

> the Service Guide contains different and inconsistent language [than the 1992 Agreement], providing that FedEx will not be liable for any loss caused by the acts or omissions of any person other than FedEx,

because Breitling seeks to impose common law principles and policies on the agreement between the two parties, Breitling's claims are preempted by the ADA.

Congress passed the ADA in 1978, finalizing an effort to allow competitive market forces to control the airline industry. *See Morales v. Trans World Airlines*, 504 U.S. 374, 378, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992). In furtherance of this goal, Congress included a preemption clause "[to] ensure that the States would not undo federal deregulation with regulation of their own." *Id.* This provision is codified in 49 U.S.C. § 41713(b), which states, in pertinent part, that

> a State ... may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart.

49 U.S.C. § 41713(b). The Supreme Court has broadly construed this provision to mean that "claims that have a connection with, or reference to an airline's prices, routes or services are therefore preempted under the statute." *Smith v. Comair, Inc.*, 134 F.3d 254, 257 (4th Cir.1998) (internal quotation marks omitted).

Although the Supreme Court has broadly interpreted the language of 49 U.S.C. § 41713(b), the Court did introduce a narrow exception to the broad preemptive powers of the ADA in *American Airlines, Inc. v. Wolens*, 513 U.S. 219, 115 S.Ct. 817, 824, 130 L.Ed.2d 715 (1995), by holding that certain breach of contract claims are not preempted. *See id.* at 826. Specifically, the Court concluded that 49 U.S.C. § 41713(b) "stops states from imposing their own substantive standards with respect to rates, routes, or services, but not from affording relief to a party who claims and proves that an airline dishonored a term the airline itself stipulated." *Wolens*, 115 S.Ct. at 826. The Court found that

although such contract claims may relate to prices, routes, or services, the state is not enacting or enforcing a law. *See Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1431 (7th Cir.1996) (citing *Wolens*, 115 S.Ct. at 824). According to the Supreme Court, allowing such claims would still serve the goals set by Congress, without sacrificing uniformity in the airline industry. *see Wolens*, 115 S.Ct. at 824–26.

██ This exception is a narrow one. *See Manning v. Skywest Airlines*, 946 F.Supp. 767, 769 (C.D.Cal.1996); *Stone v. Continental Airlines, Inc.*, 905 F.Supp. 823, 826 (D.Haw.1995). In considering whether a breach of contract action survives ADA preemption, a reviewing court is restricted to the actual terms of a party's bargain, "with no enlargement or enhancement based on state laws or policies external to the agreement." *Wolens*, 115 S.Ct. at 826.

Breitling's claims do not resemble those types of claims that have survived preemption under *Wolens*. The underlying claim in *Wolens* was based upon American Airlines' ("American") frequent flier program. *See Wolens*, 115 S.Ct. at 822. The plaintiffs alleged that American, under its contract with the plaintiffs, could not retroactively devalue their accumulated frequent flier miles. *See id.* Thus, the task before the court was to determine if American had reserved the right to do so under its agreement. *See id.* at 826. Consultation of outside sources was unnecessary; the court needed only to examine the contract itself to adjudicate the claim.

Likewise, other courts have held that certain contract claims are not preempted because the question before the court concerned only interpreting the agreement itself. *See e.g., Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423 (7th Cir.1996) (allowing a claim for

apparently requiring that FedEx be the *sole* cause, rather than the *proximate* cause of the loss.

(Pl.'s Mem.Opp.Summ.J. at 14.)

failure to honor confirmed reservations to fit under the narrow *Wolens* exception because the plaintiffs claimed only that the defendants failed to honor its self-imposed commitments to the plaintiffs); *Richmond Capital Corp. v. Federal Express Corp.*, No. Civ.A. 96–7590–B–M2, 1998 WL 889793 at *2 (M.D.La. Nov.19, 1998) (reaching the contract claim because it dealt with an ambiguity present within the document itself); *see also* 149 A.L.R.Fed. 299 (1998) (listing cases in which courts have held that contract claims were not preempted). For example, in *Travel All Over the World*, the Court of Appeals for the Seventh Circuit allowed the plaintiffs' claim for compensatory damages pursuant to the *Wolens* exception, but held that the plaintiffs' claims for punitive damages did not fit into the *Wolens* exception because, "[r]ather than merely holding parties to the terms of a bargain, [a claim for] punitive damages represent[s] an 'enlargement or enhancement of [the bargain] based on state laws or policies external to the agreement.'" *Travel All Over the World*, 73 F.3d at 1432 n. 8 (quoting *Wolens*, 115 S.Ct. at 826).

The defendant cites three cases in which courts have reached similar conclusions. In *Smith v. Comair, Inc.*, 134 F.3d 254 (4th Cir.1998), the Court of Appeals for the Fourth Circuit found the plaintiff's contract claim to be preempted. *See id.* at 258–59. The *Smith* court distinguished *Wolens* on the ground that, in *Smith*, the defendant asserted defenses to the claim based on federal law. *See Smith*, 134 F.3d at 258. Specifically, the defendant claimed that

> it was entitled to prevent [the plaintiff] from boarding by the federal statute granting just such discretion. . . . [In addition,] it had a legal duty to refuse Smith permission to board under heightened FAA security directives that became effective the evening before Smith's flight.

*Id.* at 258. Because consideration of these federal law defenses would have compelled the court to use another body of law to adjudicate the plaintiff's contract claim, the court found that the ADA preempted the plaintiff's claim.

The defendant also cites *Lyn–Lea Travel Corp. v. American Airlines*, No. CA3:96–CV–2068–BC, 1997 U.S.Dist. LEXIS 21119 (N.D.Tx. Dec. 2, 1997), *aff'd*, 139 F.3d 899 (5th Cir.1998). The plaintiff in *Lyn–Lea* alleged that the defendant had breached an agreement by capping commissions the defendant paid to its travel agents. *See Lyn–Lea*, 1997 U.S.Dist. 21119 at *25. The court noted that the plaintiff was contractually bound to the agreement, which granted the defendant the right to modify the commission at its discretion. *See id.* at *29–*30. Therefore, the defendant could not have breached any of its self-imposed undertakings. *See id.* the court, citing *Wolens*, declined to allow the plaintiff to "invoke state laws and policies external to the agreement," such as good faith, and held that the plaintiff's contract claims were preempted. *Id.* at 30.

Similarly, in *Deerskin Trading Post, Inc. v. United Parcel Service of America*, 972 F.Supp. 665 (N.D.Ga.1997), also cited by the defendant, the court held that an award for punitive damages and injunctive relief "would remove a contract claim from the realm of routine breach of contract actions." *Id.* at 673 (internal quotation marks omitted). In doing so, the court noted that

> [w]hile it may be said fairly that the Court in granting equitable relief is merely enforcing the terms of the private agreement, the means of enforcement is far more intrusive than is normal in breach of contract actions.

*Id.* at 675.

The plaintiff argues that the cases cited by the defendant are distinguishable. Notwithstanding this argument, the plaintiff does not direct the court to any case with analogous facts in which a claim similar to that made by the plaintiff was not

preempted by the ADA.[5] The plaintiff asks this court to broaden a narrow exception, created by the Supreme Court, so that its claims fall within the exception. For the reasons discussed below, the court declines to do so.

In the instant case, Breitling claims that FedEx, through its own conduct, waived its right to enforce the "Liabilities Not Assumed" section of the Service Guide. Waiver is a common law contract doctrine having origins in equity. *See Black's Law Dictionary* 1580 (6th ed.1990) (stating that waiver is "[a] doctrine resting upon an equitable principle"). Corbin describes one application of the waiver doctrine as follows:

> there are methods by which a promisor's duty of rendering immediate performance may cease to be conditional on some fact or event, even though that fact or event has not occurred or come into existence. This condition may be eliminated—it may cease to be a condition of the duty's existence—by processes known as "waiver" or "estoppel." This is what is meant when we say that a condition has been "waived"—the duty once conditional has become unconditional....

BA Arthur Corbin, *Corbin on Contracts* § 752 at 480 (2d ed.1960). Thus, in the situation described by Corbin, a court orders performance of a once-conditional duty despite the fact that the party "was under no legal duty to render the performance." *Id.*

■ Breitling asks the court to use the equitable doctrine of waiver to find that FedEx may not rely upon an express provision of the contract between the two parties. FedEx is liable for any loss, sub-

ject only to the conditions of the 1992 Agreement and the Service Guide. The 1992 Agreement and the Service Guide impose the condition that, in order to be compensable, FedEx must cause the loss by its own negligence. Breitling asks this court to use the doctrine of waiver to eliminate this condition, and declare FedEx liable.

The district court for the Northern District of California has considered a similar claim, and held that the ADA preempted adjudication thereof. In *SVT Corp. v. Federal Express Corp.*, No. C–94–3057MHP, 1997 WL 285051 (N.D.Cal. May 19, 1997), *aff'd*, 156 F.3d 1238 (9th Cir. 1998), the plaintiff claimed that, under the California common law doctrine of deviation, FedEx had forfeited its right to limit liability. *See id.* at *3. The deviation doctrine "entitles the shipper to rescission of the contract" when "a carrier deviates from the performance contracted for to such an extent as to completely change the level of risk and the terms of the contract." *Id.* Because the plaintiff sought to use an equitable doctrine to invalidate the express language of the contract itself and remove a limitation of liability, the court held that such a claim was preempted. *See id.* at 30.

Like the plaintiff in *SVT*, Breitling seeks to have this court use common law principles and policies to disregard the language of the Service Guide and remove the limitations on FedEx's liability. Under *Wolens*, common law equitable principles may not be used to adjudicate contract claims relating to rates, routes, or services of an air carrier. Thus, the court finds that Breitling's breach of contract claim is preempted by 49 U.S.C. § 41713(b) be-

---

5. The plaintiff does direct the court to *Price v. Delta Airlines, Inc.*, 5 F.Supp.2d 226, 231 (D.Vt.1998), which cites *Wolens* for the proposition that "[i]n determining whether ambiguity exists in a contract term, the contract construction rules of the forum state will apply." *Id.* This case is inapposite to the court's conclusions because it states only that, as a threshold matter, if the court determines that a breach of contract claim alleging that the contract itself is ambiguous is not preempted by the ADA, state law applies. *See id. Price* does not discuss preemption of breach of contract claims alleging waiver of terms of a contract; the court only makes an implicit assumption that the claim before it was not preempted. *See id.*

cause such a claim would amount to an "enlargement or enhancement based on state laws or policies external to the agreement." *Wolens,* 115 S.Ct. at 826.

Furthermore, the court does not reach the plaintiff's argument that the terms of the 1992 Agreement and the Service Guide irreconcilably conflict. Assuming that the plaintiff is correct, and the terms do conflict, the question, according to Breitling, then becomes "Is FedEx the proximate cause of the damages due to its negligence?" That is a question that this court may not answer. A plaintiff may not avoid preemption under the ADA by presenting a negligence claim as a contract claim. *See Stone v. Continental Airlines, Inc.,* 905 F.Supp. 823, 826 (D.Haw.1995) (holding that "[t]he ADA still preempts any state law or public policy claims disguised as contract claims"). Therefore, even assuming that Breitling is correct in claiming that the terms of the Service Guide and the 1992 Agreement do indeed conflict, such that FedEx could be liable under a theory of negligence, the ADA still preempts such a claim. *See Dinkin v. Federal Express Corp.,* No. 3:97CV511(AVC), slip op. at 7–8 (D.Conn. Mar. 4, 1998) (holding that, pursuant to *Morales* and *Wolens,* a negligence claim that relates to FedEx's routes or services is preempted by the ADA).

## IV. *Conclusion*

For the above reasons, the defendant's motion for summary judgment (**Document No. 21**) is **GRANTED.** The clerk is directed to close the file.

It is so ordered.